[L. A. No. 9205. In Bank.—August 23, 1929.]

ETHEL CLAYTON KAUFMAN, Respondent, v. PETER TOMICH et al., Appellants.

Jess E. Stephens, City Attorney, Frederick von Schrader, Deputy City Attorney, Lucius P. Green, Assistant City Attorney, Hewitt, Ford & Crump, Pierce Works, J. F. Moroney, Hewitt, McCormick & Crump, and Hewitt, Ford, McCormick & Crump for Appellants.

Miller & Ellis for Respondent.

WASTE, C. J.—For reasons hereinafter more fully stated, this cause was taken over by this court after decision by the District Court of Appeal, First Appellate District, Division Two. The action is one for damages for injuries alleged to have been suffered by plaintiff's property by reason of the installation of a sewer. The defendant city,

through its engineering department, prepared the plans and specifications for a sewer in Fairfield Avenue as proposed in a resolution of intention adopted by the city council, and a contract for the construction of the sewer was let to defendant Tomich. During the course of the work and while the street ditches were open, the plaintiff's property, abutting on Fairfield Avenue, was damaged by a shifting of the soil upon which plaintiff's retaining wall and the foundation of her house rested. It was plaintiff's theory, as evidenced by the allegations of her complaint, that the injury to her property resulted from the joint negligence of the city in improperly planning and locating the sewer line, and of the contractor in undertaking to install the sewer as so improperly planned and aligned. There are also allegations of the contractor's negligent performance of the work. Judgment went for the plaintiff against both defendants, each of whom thereafter appealed. Mr. Justice Strother, sitting *pro tem.* in the District Court of Appeal, in a minority opinion declared, and properly so, that if the act commanded by the municipality was inherently wrong, then both the municipality and the agent performing the work would be answerable in damages to anyone injured thereby, even in the absence of negligence in its performance. This declaration finds support in *Perkins* v. *Blauth,* 163 Cal. 782, 789 [127 Pac. 50, 53], wherein the rule is expressed in the following language: "Upon the other hand, if the act is one commanded by the municipality itself, if inherently wrong, the municipality and the agent who performed will both be liable. . . . If the injury results, however, not from the wrongful plan or character of the work, but from the negligent or improper manner in which it is performed, the one so negligently acting will always be responsible, and the public corporation may or may not be responsible, depending upon the relationship which it may sustain to that agent." Being satisfied that the trial court, on competent evidence, had found the plan and location of the sewer to be inherently wrong and dangerous, Judge Strother declared, as his opinion, that judgment was properly entered against both defendants. Mr. Presiding Justice Koford of the District Court of Appeal, in an opinion concurred in by Mr. Justice Nourse, agreed with that part of Judge

Strother's opinion affirming the judgment against the defendant Tomich, but disagreed with that portion which affirmed the judgment against the defendant City of Los Angeles. In reversing the judgment against the defendant city, the opinion of Mr. Presiding Justice Koford declared that "the damage to plaintiff's property was caused by the negligence of the contractor in failing to carry out faithfully the specifications and not by the public work as planned, specified and contemplated." When the cause came here on petitions for hearing after decision by the District Court of Appeal, we were impressed with the fact that the foregoing quotation appeared to be inconsistent and at variance with those findings of the lower court which, if sustained by the evidence, undoubtedly warranted the entry of judgment against the defendant city as well as against the defendant contractor. The trial court found that the "location and alignment of the said sewer were intrinsically dangerous and inherently wrong, and were of such a nature and of so close proximity to the front of plaintiff's property and plaintiff's wall as were likely in the natural course of construction of the said sewer thereunder, to damage and injure said plaintiff's property by removing the lateral support from plaintiff's property in the excavating of the ditch for said sewer . . . and the court especially finds that the aforesaid negligence of the defendant the City of Los Angeles in designing and making said plans and specifications and the carrying out of said defective plans and specifications by the said defendant Peter Tomich, conjoined together to remove the lateral support of the soil under said wall and under the property of plaintiff, and conjointly contributed to destroy the wall, lawn and shrubbery on said plaintiff's property and the foundation under plaintiff's house, and placed plaintiff's house in imminent danger of toppling into the street, and necessitated immediate action on the part of said plaintiff in replacing the foundation under said house and the replacing of said wall and the restoring of said soil on said property to prevent further damage to plaintiff's property. . . ." In taking the cause over, it was our sole purpose, therefore, to examine the record with a view to determining whether the foregoing findings found support therein. Examination satisfies us that there is ample evidence in

the record to sustain those findings. We are in complete accord, therefore, with the conclusions announced in the opinion written by Mr. Justice Strother *pro tem.*, and we adopt it as the opinion and decision of this court herein, as follows:

"This is an appeal from a judgment in favor of plaintiff for damages to real property.

"The city council of the City of Los Angeles adopted a resolution of intention to lay a sewer on Fairfield avenue, a street upon which plaintiff's property abuts, to be constructed in accordance with specifications adopted by the council and plans and profiles on file in the office of the city engineer. A contract for the construction was let to the defendant Tomich.

"Plaintiff's property was situated on the south side of Fairfield avenue and sloped at a considerable angle toward the street and at the line was about seven feet above the street. A concrete retaining wall formed the property line. The defendant Tomich, in performance of his contract, dug a ditch in the street seven or eight feet from plaintiff's line and about seven and a half feet deep in which to lay the sewer. The ditch was dug in sections six or seven feet long, about six feet apart, with tunnels at the bottom between the sections. Directly after the excavation of the ditch the westerly part of plaintiff's lot and part of a vacant lot west of hers began to slip diagonally toward the street, breaking the retaining wall and taking out part of the foundation of plaintiff's house, which was set about fifteen feet back of the street line. It was the contention of plaintiff that the damage to her resulted from the conjoint negligence of the city in improperly planning and locating the sewer line and of the contractor in negligently performing the work. There was testimony on her behalf that the side of the ditch nearest her property cracked and bulged in and that the contractor did not properly brace the sides of the ditch so as to prevent movement of the earth.

"Judgment went for the plaintiff and the defendants appeal separately upon a joint bill of exceptions.

"It is argued on behalf of the appellant City of Los Angeles that the only act of the city was a governmental one in declaring the necessity for the construction of the

sewer; that the plans and specifications for its construction were the work of an independent agent, the city engineer, and the carrying out of the plans and specifications solely the responsibility of the contractor.

"The case of *Haughawout* v. *Hubbard,* 131 Cal. 675 [63 Pac. 1078], and other cases are cited in support of the proposition that the city is not liable for the acts of its officers in preparing specifications and doing other engineering work. But, in all of these cases the court was considering, not the liability of the municipality, but tho sufficiency and regularity of the proceedings as authority for proceeding with the proposed work, or the enforcement of the lien of assessments against the property liable for its cost. The cases which hold that a municipality is not liable for the acts of its administrative officers, are those where the officer had omitted the performance of his legal duty, or done some act in violation, or in excess, of his legal duty, as in the case of *Sievers* v. *San Francisco,* 115 Cal. 648 [56 Am. St. Rep. 153, 47 Pac. 687]. Section 34 of the 'Vrooman Act' (Stats. 1885, p. 147, as amended by Stats. 1891, p. 206), does not, as argued by the appellants, give complete power and discretion to the city engineer in the preparation of plans and specifications and other engineering work necessary in carrying out public improvements and if it did it would be merely substituting him as another agency of the municipality for the city council or the board of public works and would not change its liability, if any, for the results.

"The city council in its resolution of intention expressly designated the specifications for the work—which specifications it had theretofore adopted by ordinance—and defined the location of the sewer. In determining the necessity of the sewer, the city, by its council, was acting in its governmental capacity; in planning the location and construction of the sewer, in its corporate or ministerial capacity, in the construction of a public work of the municipality. If, by reason of its construction in the particular location, the plaintiff's property was damaged, 'no compensation having first been made,' as required by article I, section 14, of the Constitution, the city committed a legal wrong for which it is liable. The question whether the liability existed at common law or was created by the con-

stitutional provision is immaterial as the nature of the liability is the same in either case.

"In *Perkins* v. *Blauth,* 163 Cal., at page 789 [127 Pac. 53], it is said: 'Upon the other hand, if the act is one commanded by the municipality itself, *if inherently wrong,* the municipality and the agent who performed will both be liable.' Again: 'Wherever the injury complained of is the taking or damaging of private property for public use without compensation then under the guarantee of the federal constitution against such invasion of private property, neither the state nor any of its agents or mandatories may claim exemption from liability.' (*Ibid.*) The decisions in this state are uniform to the same effect.

"In this case the court having found from competent evidence that the plan and location of the sewer was inherently dangerous, it comes within the rule.

"It is urged by appellant City of Los Angeles that the evidence was insufficient to support the finding that the 'location and alignment of said sewer was intrinsically dangerous and inherently wrong.' Over the objection of defendants, witnesses who were shown to be experienced in excavation similar in kind and location to that in this case, were permitted to testify that the location and manner of construction of the ditch were likely to endanger plaintiff's property. It is argued that this was not a matter upon which expert testimony was admissible, and appellant Tomich contends that if the finding was true he was not liable and both appellants contend that no joint liability was shown. But it does not seem to us that the effect of the removal of lateral support from soil, on a hillside, composed of an overburden of black adobe on a thick layer of mixed shale and clay with a subbase of clay, is of such common knowledge that the judgment of those experienced in working under such conditions would not be enlightening or that the amount of care necessary to prevent soil of that character and in that position from caving, is matter of common knowledge. If they were matters of common knowledge, it would seem hardly necessary to have the aid of an engineer, skilled in the planning and supervision of such work, in preparing its plans and specifications and locating its line. This evidence, with the evidence of the

physical facts and of what happened, was sufficient to support the finding of the court.

"The contractor having undertaken to carry out a work which the court found was inherently dangerous to plaintiff and having been found by the court not to have taken the precautions which might have averted injury to plaintiff, was also liable.

"Certain other findings of the court are objected to by appellants as not supported by the evidence. The finding that the city did not, by its specifications require that the sides of the ditch should be braced, was contrary to the evidence. There was testimony, however, to the effect that they were not braced and the court so found. The court having found that the location of the ditch endangered plaintiff's property, it was the duty of the city at all events to prevent the injury and the finding was immaterial.

"The complaint alleged and the court found, that the notice mentioned in section 832 of the Civil Code, defining the rights of coterminous owners to lateral support and providing that each shall have the right to make proper and usual excavations on his own land, on 'giving reasonable notice to the other of his intention to make such excavation,' was not given. There was, in the answer, no denial of the allegation, but merely a denial of the further allegation that 'no notice was given.'

"It is claimed by appellants that the amount of damages found by the court was excessive. Plaintiff restored the retaining wall by the construction of a concrete garage. Witnesses on her behalf testified that the cost of this structure was less than would have been the cost of excavating for a solid foundation for an ordinary retaining wall and replacing the earth behind it and served the same purpose of restoring and maintaining the stability of plaintiff's property. This was sufficient justification for the court's finding.

"Appellants contend that the measure of damages adopted by the court in its findings was not correct and that the finding should have been as to the difference in the value of the property before and after the injury, not the cost of restoring it to its original condition. The question is raised for the first time on this appeal and the case

was tried by both parties on the theory that the latter was the proper measure of damages. Appellants should not now be heard for the first time on appeal to complain that the case was tried on an erroneous theory. (*Kincaid v. Dunn,* 26 Cal. App. 686 [148 Pac. 235].)"

The judgment is affirmed.

Curtis, J., Langdon, J., Preston, J., Shenk, J., Richards, J., and Seawell, J., concurred.