[Civ. No. 3953. Third Appellate District.—June 10, 1930.]

JANE BENTON, a Minor, etc., Appellant, v. CITY OF SANTA MONICA (a Municipal Corporation), Respondent.

Walter J. Little, William B. Gilroy and Randall & Bartlett for Appellant.

Chester L. Coffin, City Attorney, and Orlando H. Rhodes, Deputy City Attorney, for Respondent.

PLUMMER, J.—The respondent had judgment of dismissal for failure of the appellant to file an amended complaint within the time allowed by the order of the court, after the court had sustained a demurrer to the appellant's first amended complaint.

Omitting the preliminary allegations of the complaint as to the minority of the plaintiff, the appointment of a guardian and the municipal character of the defendant, the complaint alleges that the respondent city is built and constructed adjacent to the shore of the Pacific Ocean, and has within its confines a strip of beach land owned by the respondent, and over which the respondent, at all the times mentioned in the complaint, exercised complete dominion and control. That said dominion and control consists in the patrolling of the beach land referred to, in the erection and construction of a wharf and other structures thereon, in the regulation and supervision of amusement concessions thereon, in the regulation and control of persons using said beach land for pleasure purposes, in keeping said strip of land clean, in the operation of various safety devices, in renting and leasing of portions thereof. Without following the allegations of the complaint as to the particularity of the dominion and control exercised by the respondent, it satisfactorily appears therefrom that the leased portions returned some revenue to the city. The complaint then alleges: ''That on the 14th day of June, 1925, the parents of the said Jane Benton having knowledge of the aforesaid acts on the part of said defendant, took the said plaintiff herein upon the beach land adjacent to the said defendant city, and more particularly, took the said plaintiff to a point on said beach land approximately 200 feet north of the municipal pier located in said city, and at the westerly terminus of that certain public street in said city known as 'Colorado Street.' That while on said beach land, said plaintiff received injuries which were occasioned by having a loose pile or telephone pole approximately 30 feet long, and which was washing back and forth in the waves of the Pacific Ocean, and up and on said strip of land, falling across her body. That said injuries were occasioned by reason of the negligent and careless manner in which said defendant was, on said date, exercising its control and dominion over said beach land, and more particularly because the defendant was, on said date, through its agents and employees, carelessly and negligently patrolling said beach, and carelessly and negligently protecting the public thereon. That said injuries occurred after said defendant had received actual notice of the existence of dangerous instrumentality, to-wit, the

piling or telephone pole which injured the said plaintiff.'' Damages are then prayed for in the sum of $20,000. As just stated, the court sustained the defendant's demurrer to the plaintiff's amended complaint, and in the order sustaining the demurrer, gave the plaintiff ten days within which to file a second amended complaint, if so advised. No such amended complaint having been filed, judgment went for the defendant. We do not need to set out the specific grounds of demurrer because they cover every proposition necessary to be considered.

It will be noticed that while the complaint states certain portions of the beach land belonging to the city are leased, and from such leased portions the defendant derives some revenue, the allegations of the complaint do not show that the portion of the beach upon which the plaintiff is alleged to have received injuries, occurred where the defendant was acting in any proprietary capacity. The complaint simply shows that the injury was received on said beach at a point approximately 200 feet north of a municipal pier belonging to the defendant. A consideration of all the allegations of the complaint would lead to the conclusion that this portion of the beach is open to the public for purposes of bathing, pleasure and recreation. That this portion of the beach is used, maintained and controlled by the city in the same capacity as city parks and playgrounds are maintained by municipalities. We do not need to enter into a discussion of the law relative to the maintenance of parks and playgrounds, and the responsibility of cities in relation thereto as it existed prior to the adoption by the legislature of the Public Liability Act in 1923 (see Stats. 1923, p. 675), as the citation of one case is sufficient to show that before the passage of the act to which we have referred, the complaint contains no facts establishing the liability of the city. We refer to the case of *Kellar* v. *City of Los Angeles,* 179 Cal. 605 [178 Pac. 505]. This case had to do with the injury of a child upon one of the playgrounds maintained by the city of Los Angeles. That case and the cases cited show that the maintenance of playgrounds, parks, etc., are a part of the proper governmental functions of cities in conserving the health of its citizens, and that the exercising of control and dominion thereover belongs properly to the police functions of a city. Whatever the law may have been declared

to be in other states, is wholly immaterial. The case of *Chafor* v. *City of Long Beach*, 174 Cal. 478 [Ann. Cas. 1918D, 106, L. R. A. 1917E, 685, 163 Pac. 670], and other cases having to do with similar questions, all deal with circumstances entirely different from those presented here. The distinction between governmental functions and proprietary functions is drawn along the line of conserving the health of the inhabitants of a municipality and the exercise of police control, as distinguishable from functions which have nothing to do with the health or police control that furnish means of obtaining revenue, or are especially such functions as are ordinarily exercised by private persons, wholly distinct from any relation to the health of the inhabitants of a city. There is nothing in the appellant's amended complaint showing that the City of Santa Monica was exercising any functions over the portion of the beach belonging to the city, in any proprietary capacity whatever. ▆ The fact that other portions may have been leased for revenue purposes, or the fact that the city may have built a municipal pier, tends in no degree to establish any proprietary activity over what appears to be an unleased and open portion of the beach to which the public may have been invited.

The cases which we have cited, and which have been presented to us by counsel are no longer controlling in this state. ▆ Section 2 of the act of the legislature, approved June 13, 1923 (Stats. 1923, p. 675), relating to the liability of municipalities, etc., reads as follows: "Counties, municipalities and school districts shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways, buildings, grounds, works and property in all cases where the governing or managing board of such county, municipality, school district, or other board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such street, highway, building, grounds, works or property, and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or failed and neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition." Measured by the

provisions of this act, the complaint before us is vitally defective. The section to which we have referred provides that before a municipality can be charged with the negligence of its officers, it must appear that the city, through its officers, failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy the defective condition complained of. ▓ The complaint in this action simply avers that the injuries complained of occurred after defendant had received actual notice of the existence and location of the dangerous instrumentality, to wit, the piling or telephone pole floating in the water which caused the plaintiff's injuries. For aught that appears in the complaint, it may be that the telephone pole had just floated in, or had just been washed in by the waves of the Pacific Ocean. There is nothing in the complaint to show that the information or knowledge alleged to have been received by the defendant, was at a time sufficiently prior to the injury to admit of remedying the condition. While the respondent has argued that the telephone pole floating upon the waters of the Pacific Ocean, and being thrown up on the beach, would not constitute a dangerous condition, within the terms of the statute, we are of the opinion that there is no merit in such contention, and that if such ·a dangerous instrumentality were allowed to ride upon the waves or breakers of the beach to which the city had invited the public, it would constitute an act for which the city would be liable in the event of injury, provided that the city did not take steps, within a reasonable time after acquiring knowledge of the presence of such dangerous instrumentality to remove it. On the other hand, it is common knowledge that wreckage, timbers, or what may generally be classed as debris, may be washed ashore, and are ·washed ashore by the waves of the ocean, and that the removal of the same is necessary for the safety of persons using such beaches for bathing or pleasure purposes, and that at the same time it requires some effort and some skill to remove the same, necessitating the allowance of a reasonable time so to do. A complaint which fails to show that a reasonable time has been allowed for the removal of such obstructions, fails to bring the cause of action within the terms of the statute herein considered.

The appellant calls our attention to the cases of *Rafferty* v. *City of Marysville*, 207 Cal. 657 [280 Pac. 118], *Dawson* v. *Tulare Union High School Dist.*, 98 Cal. App. 138 [276 Pac. 424], and *Huff* v. *Compton City Grammar School Dist.*, 92 Cal. App. 44 [267 Pac. 918], as authority for the sufficiency of the complaint in this action. The facts in all these cases show that a sufficient time had elapsed after the creation or the inception of the dangerous condition, and the reception of knowledge thereof, before any action was taken to remedy the condition, and that no such action was taken. Here, it is not a question of what the facts might show; it is a question of pleading. No questions of pleading were presented in any of the cases referred to. Whether the complaints would have been held sufficient upon demurrer is beside the question. Having gone to trial without raising the sufficiency of the complaint whether the complaint set forth that a reasonable time after the reception of knowledge of the dangerous condition had elapsed for the removal or remedying of such condition, those cases are not authority as to the sufficiency of a complaint where the question is raised not upon the facts, but upon the pleadings.

That the complaint in this action might have been amended to comply with the provisions of the act which fixes liability upon municipalities, is not before us. The appellant was given ten days within which to amend, and if a reasonable time had elapsed after receiving knowledge, by the city, of the alleged dangerous condition, and no steps had been taken to remove the same, the allegations of the complaint could easily have been amended to comply with the law.

Having failed to take advantage of the opportunity offered by the trial court to amend the complaint, and the complaint being manifestly insufficient, we have no recourse but to affirm the judgment, and it is so ordered.

Thompson (R. L.), J., and Finch, P. J., concurred.