[L. A. No. 13189. In Bank.—March 30, 1932.]

WILLIAM M. BOYCE, Respondent, v. SAN DIEGO HIGH
SCHOOL DISTRICT et al., Appellants.

Stearns, Luce & Forward for Appellants.

Arthur F. H. Wright and Winnek & Winnek for Respondent.

LANGDON, J.—This is an action for damages for personal injuries, brought by plaintiff and respondent against defendant San Diego High School District and the members of its board of education. Plaintiff was a member of a partnership in the business of installing electrical appli-

ances. Harry Bertolucci was the electrical superintendent for defendant district. The Russ auditorium was erected by the district in 1925 for school activities. Some three years after its construction, the heating and ventilating system got out of order, and on October 22, 1928, Bertolucci requested plaintiff to look over the motor. On that day plaintiff, Bertolucci and Herbert Cordes, the manager of an electrical equipment concern, went to the auditorium to make an inspection. They found that the heating apparatus was in good condition, and decided to examine the air ducts. The main air corridor extended nearly across the building. In its center was a concrete-lined pit, over eight feet long, five and one-half feet deep, and as wide as the corridor itself. There were two electric lights in the corridor, a considerable distance from the pit. Bertolucci led the other two men to the corridor, opened the door leading to it, and going upstairs, turned on the electrical switch to light the corridor. Only the northerly light, some forty feet from the door, went on. Plaintiff walked forward into the corridor about eight feet and fell into the pit, sustaining the injuries for which this action was brought. Upon discovering the accident, Bertolucci turned another switch and the southerly light went on, illuminating the pit. Apparently the failure of the southerly light was due to the act of someone who had manipulated the switches.

The case was tried before a jury, and a verdict for $5,000 was returned. The court reduced it to $3,500 and denied a motion for a new trial. Defendants brought this appeal.

The liability sought to be imposed is based upon the statute (Stats. 1923, p. 675) which makes school districts and certain other public bodies liable for injuries resulting from the dangerous or defective condition of buildings where the district or other officer or person having authority to remedy such condition, had knowledge or notice of it, and failed or neglected for a reasonable time thereafter to take action to protect the public.

■ Certain of the elements necessary to fix liability are clearly present. Plaintiff was an invitee, present at the request of a responsible agent of defendant district, on business of interest to both parties. (See *Dobbie* v. *Pacific Gas*

& *Elec. Co.,* 95 Cal. App. 781 [273 Pac. 830]; *Bush* v. *Weed Lumber Co.,* 63 Cal. App. 426 [218 Pac. 618]; *Madigan* v. *O. A. Hale & Co.,* 90 Cal. App. 151 [265 Pac. 574].) The pit, lacking a guard-rail, was in the nature of a trap for anyone who entered the corridor. It was obviously necessary to enter the corridor upon occasion, for just such purposes as caused plaintiff to do so on the day of the accident; and in contemplation of such necessity, there were doors leading to the corridor, and iron ladders leading into the pit. It is doubtless true that had both lights been working at the time, the danger would have been visible and the accident would have been avoided. But this does not alter the fact that the pit was an unguarded trap. The light itself was not, under the circumstances, a sufficient safety appliance.

The important question is whether the defendants had knowledge or notice of the defect. The evidence shows that there had been an accident of the same type about two years previously, and that this accident was known to persons having authority to remedy the condition. John E. Thombs, the custodian of the school buildings and grounds, testified that he heard of the accident and that he reported it to the principal of the school and also notified the superintendent of construction to put a rail around the pit. Thombs testified also that Connell, the superintendent of construction, had full charge of repair work. Bertolucci also said that he heard of the accident, and Claude Woolman, a member of the school board, testified that Bertolucci, as chief electrician, had the power to remedy any defective condition in the electrical system. In this state of the record, the verdict and judgment below must be upheld. It is apparent that there was actual knowledge on the part of persons having authority to install safety appliances. It may also be observed that actual knowledge is not necessary, long continued neglect being such constructive notice as to fix liability on the district. (*Dawson* v. *Tulare Union High School,* 98 Cal. App. 138 [276 Pac. 424].)

The judgment is affirmed.

Preston, J., Curtis, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.