[Civ. No. 4838. Third Appellate District.—February 15, 1933.]

ABBIE F. HURLEY, Appellant, v. LAKE COUNTY (a Corporation) et al., Respondents.

Francis L. Ashe and Andriano & Lowery for Appellant.

Burt W. Bush, District Attorney, and Charles Kasch for Respondents.

PULLEN, P. J.—Plaintiff brought an action to recover for personal injuries. A demurrer to her complaint was interposed by defendants and by the court overruled. Thereupon defendants answered and in due time the cause was set for trial. Upon the day so set, plaintiff failed to appear either in person or by counsel, and the court entered its judgment of dismissal. Upon appeal the judgment of dismissal was reversed on the ground that plaintiff had not received proper notice of the date of trial.

In its opinion, this court, speaking through Mr. Justice Plummer, said:

"As the case must go back for retrial, it seems to us proper to call attention to the case of *Benton* v. *City of Santa Monica,* 106 Cal. App. 339 [289 Pac. 203], and the authorities there cited, where this court had occasion to consider the sufficiency of a complaint against a municipality on account of negligence. While the clerk's transcript shows that the demurrer to the plaintiff's complaint was overruled, it appears from the case which we have cited that the complaint is manifestly insufficient, and should be amended, if the facts warrant such action." (113 Cal. App. 291, 298 Pac. 123, 125.)

In accordance with this opinion, plaintiff at the proper time, moved for leave to file an amended complaint, but permission so to do was by the court denied.

After an interval of approximately a year from the receipt of the *remittitur* in the above-entitled matter, no judgment upon the original complaint having been entered in favor of defendants, plaintiff caused the case to be again placed upon the trial calendar, and the same was set for trial on the original complaint for September 6, 1932. On September 4th, two days prior to the trial date, a telegram was transmitted to the clerk of the court stating that one of counsel for plaintiff was ill and unable to be present and requested a continuance.

Upon the day of trial counsel for defendants were present, but no appearance, either in person or by counsel, was made on the part of plaintiff. Defendants insisted upon the matter proceeding, and thereupon the trial court dismissed the action under the provisions of subdivision 3 of section 581 of the Code of Civil Procedure.

Plaintiff appealed from the judgment so entered in favor of defendants, and also from the order of the court denying the motion of plaintiff for leave to file an amended complaint, which appeal respondents now move to dismiss upon the ground that the memorandum of points and authorities on file by appellant does not comply with the requirements of section 953e of the Code of Civil Procedure, nor with section 3, Rule VIII, of this court, and that the questions submitted are unsubstantial.

An order denying a motion to file an amended complaint being an interlocutory order is not appealable (sec. 963, Code Civ. Proc.; *Harper* v. *Hildreth*, 99 Cal. 265 [33 Pac. 1103]; *Cornic* v. *Stewart*, 179 Cal. 242 [176 Pac. 164]); but may be reviewed on appeal from the judgment itself.

We believe the refusal of the court to permit appellant to file her proposed amended complaint raises a grave question as to an abuse of discretion, and constitutes a proper question on appeal. We find no merit in the second objection urged by respondents that the memorandum of points and authorities does not conform to the rules of the court.

Motion to dismiss is denied and respondents allowed twenty days to file their reply to appellant's points and authorities.

Thompson, J., and Plummer, J., concurred.