[S. F. No. 14885. In Bank.—October 31, 1933.]

IRIS D. WATSON, Respondent, v. CITY OF ALAMEDA (a Municipal Corporation) et al., Appellants.

Breed, Burpee & Robinson for Appellants.

Ford & Johnson, Elliott Johnson and Fletcher A. Cutler for Respondent.

H. A. Postlethwaite and Samuel W. Gardiner, as *Amici Curiae* on Behalf of Respondent.

LANGDON, J.—This is an action for damages for personal injuries. Employees of defendant City of Alameda, acting under orders of the chief of police, were engaged in marking pedestrian crossing lanes at the intersection of Park Street and Santa Clara Avenue, in the business district of said city. Eight-inch lines were painted in bright orange, establishing lanes nine feet wide. Having finished one side, the workmen proceeded to the other, leaving the wet, painted lanes without barricade or warning sign. Plaintiff, while crossing the street, stepped on the wet paint, slipped and fell, sustaining serious injuries. The jury brought in a verdict in her favor for $9,000, and defendant city appeals from the resulting judgment.

Liability on the part of the city is sought to be imposed under the act of 1923 (Stats. 1923, p. 675; Deering's Gen. Laws, 1931, Act 5619). As far as is relevant here, this statute makes the city liable for injuries to person or property resulting from the *dangerous or defective condition* of public streets, where the "board, officer or person having authority to remedy such condition, had *knowledge or notice*" thereof, and "failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice", to remedy such condition or to take steps reasonably necessary to protect the public.

We accept as conclusive the verdict of the jury on the negligence of the street workers, and the absence of contributory negligence on the part of plaintiff. ▮ The question is whether plaintiff has proved a case within the terms of the statute.

Since the accident happened shortly after the work was done, there was, of course, no opportunity for the chief of police, superintendent of streets, or any other responsible officer of defendant to obtain knowledge or notice of any dangerous condition; and, indeed, the condition itself could last but a few hours, during which the paint would dry. Nor does the record contain any suggestion that the absence of warning signs or barricades was actually made known to any of these officers. This case is therefore distinguishable

from most of the decisions under the act of 1923 in which the plaintiffs prevailed, where there was shown either actual knowledge or obvious and long-continued neglect sufficient to constitute notice. See, e. g., *Dawson* v. *Tulare Union High School,* 98 Cal. App. 138 [276 Pac. 424]; *Boyce* v. *San Diego High School District,* 215 Cal. 293 [10 Pac. (2d) 62]; see, also, *Benton* v. *City of Santa Monica,* 106 Cal. App. 339 [289 Pac. 203]; *Hook* v. *City of Sacramento,* 118 Cal. App. 547 [5 Pac. (2d) 643].

 In view of these holdings, plaintiff has sought to establish a distinction between dangerous conditions resulting from disrepair or neglect of public property, and their actual construction and improvement. Where a properly constructed street, e. g., falls into disrepair, knowledge or notice of its defective condition is conceded to be essential to fix liability. But, it is argued, where the affirmative act of responsible officers is directly carried out, as in new construction or improvement, this fact itself gives rise to liability for any dangerous condition, notice being unnecessary. The effect of this distinction would be that the municipality would, in all governmental work on public streets, buildings, grounds, etc., be liable for the negligence of its employees, in the same manner as if the work were done in its proprietary capacity, that is to say, in the same manner in which a private corporation would be liable. But any such modification of the rule of nonliability for acts performed in a governmental capacity must come from the legislature, and the legislature has, in the act of 1923, set forth the extent of its departure from the former rule. The municipality is not, under this statute, liable in the same manner as a private corporation, for negligence of its employees; nor is it enough to show a dangerous condition of property. The municipality must have had notice and have failed to exercise its opportunity to remedy the condition. The theory of the act seems to be that liability is imposed not alone for the dangerous condition, but for the failure to remedy it, upon knowledge or notice thereof. The elements of knowledge or notice are logically essential to show culpability in failure to remedy the condition, and proof of one or the other is necessary to recovery. (See *Benton* v. *City of Santa Monica, supra; Crone* v. *City of El Cajon,* 133 Cal. App. 624 [24 Pac. (2d) 846].) Reference is made by plaintiff to the

special doctrine that notice is unnecessary where the planned improvement is *inherently wrong and dangerous* (see *Perkins* v. *Blauth*, 163 Cal. 782 [127 Pac. 50]; *Kaufman* v. *Tomich*, 208 Cal. 19 [280 Pac. 130]; *Black* v. *Southern Pac. Co.*, 124 Cal. App. 321 [12 Pac. (2d) 981]), but it can have no application to the instant case, where the work planned and the directions given involved no danger to the public, and the defective condition arose solely through the negligence of those doing the work. The case of *Mulder* v. *City of Los Angeles*, 110 Cal. App. 663 [294 Pac. 485], where street work was ordered with the knowledge of the board of works that no provision was to be made for protection of property against damage which reasonably might have been expected to result therefrom, is likewise distinguishable.

It follows that plaintiff's contention, in conflict with the express language of the statute and the rule of numerous cases, cannot prevail, and we are forced to conclude that she has failed to establish the liability of defendant city under the act of 1923.

The judgment is reversed.

Preston, J., Curtis, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.