### OKLAHOMA CITY v. HAYDEN.

No. 23249.   Oct. 23, 1934.

Rehearing Denied Nov. 20, 1934.

W. H. Brown, Municipal Counsellor, and Harlan T. Deupree, Asst. Municipal Counsellor, for plaintiff in error.

John F. Butler and Suits & Disney, for defendant in error.

PER CURIAM. This cause was instituted in the district court of Oklahoma county, Okla., on September 19, 1930, by Josephine Hayden, defendant in error herein and plaintiff below, against the city of Oklahoma City, Okla., a municipal corporation, plaintiff in error herein and defendant below, by the filing of a petition, wherein she alleges, among other things, that prior to the 10th day of May, 1930, the defendant constructed a catch basin at the southeast corner of the intersection of South Walker avenue and Noble street, upon the parking in close proximity to the sidewalk, and over said catch basin was built a manhole which was covered by a large piece of cast iron, circular in shape.

Paragraphs 4 and 6 of said petition are set out in full herein:

"(4) That the said circular lid used as a cover for said manhole did not fit the same, but was defective and out of repair, and had been negligently permitted to remain as a cover to said manhole in said defective condition for a period of approximately three weeks prior to the 10th day of May, 1930, and was in said defective condition and out of repair at the time plaintiff was injured; that said cover or lid would turn up edgewise when any weight was put on it."

"(6) That for a considerable time prior to the 10th day of May, 1930, said manhole covering was dangerous, defective, and unsafe for the use of pedestrians; that the defendant had notice of this condition, but negligently, carelessly, and knowingly permitted said defective covering to remain upon said manhole for a considerable time prior to and up to and including the 10th day of May, 1930, and neglected to maintain any barriers, guards, warning or signal to put pedestrians on their guard as to the defective and dangerous condition of said covering."

She further alleges that on or about the 10th day of May, 1930, she was injured while walking down the sidewalk by stepping onto the circular lid covering the manhole. That when she stepped upon said lid or cover, the same turned up edgewise, throwing her into the manhole and over against the curb, causing her to sustain serious injuries to her back, hips, left side, chin, and head, and other internal injuries.

A trial was had on the 8th day of January, 1931, before a jury, and judgment was rendered upon the verdict of the jury in favor of the plaintiff in the sum of $3,500. To reverse the judgment the city of Oklahoma City, a municipal corporation, appeals to this court. The defendant sets forth 26 assignments of error, which he argues under six propositions as follows:

"1. The court erred in instructing the jury on an initial defect in the street, being an issue not raised by the pleadings or evidence.

"2. The city is not liable in the absence of actual notice, or proof of defect existing prior to the time of injury as basis for constructive notice.

"3. A municipal corporation is not liable for a defective condition in a street or parking based on constructive notice of the defect until it has had a reasonable time to repair or remedy the defect after having such notice thereof, and this is a question for the jury.

"4. The plaintiff cannot recover in the absence of exercise of due care on her part, and an instruction which allows recovery regardless of due care is erroneous.

"5. The court erred in refusing to charge the jury on plaintiff's contributory negligence.

"6. That the damages awarded were excessive."

We will first take up the first proposition, which is that the court erred in instructing the jury on an initial defect in the street, being an issue not raised by the pleadings or evidence. We have studied the petition

of plaintiff carefully, and especially paragraphs 4 and 6 thereof, and are not unmindful of what plaintiff in error has to say in its brief about the theory of plaintiff. The pleading is broad and the theory of an initial defect is not stressed in the petition. In our opinion, it is sufficient to raise the issue of an initial defect, and evidence submitted on that proposition was rightfully admitted. Had plaintiff in error desired, it could have required plaintiff to make her petition more definite and certain in this respect. Plaintiff in error further contends that there was no evidence of an initial defect, and that defendant in error changed her theory of the case after this appeal was taken. We cannot agree with this contention. The testimony of the witness W. T. Edmiston completely negatives this contention. He testified positively that the cover of said manhole did not fit right; that if crowded to one side, it left a vacancy on the other side, so as to make it topple over. It was not big enough to cover the hole. And on cross-examination he testified that the lid or cover was too thin and too small the other way, and that the lid was just too small and thin; it did not cover the hole. Considering the material of which said cover was made, it occurs to us the only fair conclusion is that the defect of said lid being too small and too thin existed from the time of its installment, or from the time that it was placed there. That being true, the city had knowledge of the defect at that time and needed no further notice of such defect. The petition in this case, having alleged that the city used a cover for the manhole over a catch basin which did not fit the same, but was defective and out of repair; that said cover or lid would turn up edgewise when any weight was put upon it, is sufficient in our opinion to raise the issue of an initial defect, and renders evidence offered in support thereof admissible.

A fair conclusion from the evidence in this case is that the defect is an initial defect, and necessarily known to the city from the time it was placed there, and no further notice of the defect was necessary.

See City of Tulsa v. Whittenhall, 140 Okla. 160, 282 P. 322. Plaintiff in error having admitted in its brief that if this were an initial defect notice to the city was unnecessary, we deem it unnecessary to cite further authorities on this subject.

With reference to the evidence in this case, there appears to be no conflict. Defendant in error offered no testimony whatever concerning the lid or cover for this manhole. Evidently, it was in their possession, and they had ample opportunity of defending against this theory of the case had they so desired. As to sufficiency of the evidence, the weight and value to be given the testimony of the witnesses was a question of fact, to be determined by the jury under the proper instructions of the court.

The conclusion reached with reference to proposition No. 1 renders a discussion of plaintiff in error's propositions Nos. 2 and 3 unnecessary.

In plaintiff in error's proposition No. 4, they complain of the instructions given by the court; that said instructions allowed recovery regardless of due care on the part of plaintiff. We have examined these instructions and find that they fairly state the law applicable to the evidence. The defendant further complains of the court's refusal to give certain requested instructions by the defendant. The court gave all instructions necessary under the issues.

In Keen Bottling Co. v. Morgan, 154 Okla. 167, 7 P. (2d) 147, this court held:

"Where the court fully and fairly instructs the jury on all material issues arising in the case, it is not error for the court to refuse requested instructions."

Plaintiff in error further contends in proposition No. 5 that the court erred in refusing to charge the jury on plaintiff's contributory negligence.

In the case of Okmulgee Window Glass Co. v. Bright, 65 Okla. 53, 183 P. 898, this court held:

"The answer here is sufficient to present the defense of contributory negligence, but in the absence of any evidence tending to sustain the same, the trial court did not err in refusing to submit that issue to the jury."

See, also, Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747.

Upon a careful consideration of the record, we fail to find any evidence that would justify the court in submitting a question of contributory negligence to the jury. We are not unmindful of the provisions of the Constitution of this state, which make the defense of contributory negligence a question of fact, always to be decided by the jury. However, where there is no evidence relative thereto, it is not prejudicial error to refuse to submit that issue to the jury. Plaintiff in error contends that the court committed error in failing to submit this defense to the jury. We cannot agree with this contention, for

the reason above stated, that there is no evidence in the records supporting plaintiff in error's theory of contributory negligence.

Plaintiff in error also contends that the judgment rendered herein for damages was excessive.

In the case of Sand Springs Railway Co. v. McGrew, 92 Okla. 262, 219 P. 111, this court held:

"In determining whether a verdict is excessive, each case must be ruled chiefly on its own facts and circumstances."

It was further held:

"When the proofs of damages are submitted to a jury under proper instructions in a suit for personal injuries, the verdict not being so excessive as to raise the presumption that the jury was actuated in rendering such verdict by passion or prejudice, and there being no specific proofs otherwise showing that the jury was so actuated, and the trial judge fails to act and enters judgment on the verdict, held, this court will not interfere with the verdict of the jury by ordering a remittitur."

Taking into consideration the testimony of plaintiff, that she had not been able to work from the time of the injury, also the testimony of Dr. Hayes, who testified for plaintiff, and Dr. Smith, who testified for the defendant, plaintiff in error, we do not feel that the award of damages in this case is excessive. As to the sufficiency of the evidence, the weight and value to be given the testimony of the witnesses was a question of fact to be determined by the jury under the proper instructions of the court.

We have examined these instructions and find that they fairly state the law applicable to the evidence; that the court gave all instructions necessary under the issues.

The evidence of negligence was sufficient to cause the same to be submitted to the jury, and the court's instructions being sufficient in law, it follows that the verdict of the jury and judgment rendered thereon by the court will not be disturbed on appeal. Judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Richard L. Wheatley, C. B. Holtzendorff, and T. L. Marteney in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wheatley and approved by Mr. Holtzendorff and Mr. Marteney, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.