[Civ. No. 10454.  Second Appellate District, Division Two.—October 7, 1935.]

LILLIAN WISE, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Thatcher J. Kemp and Leon T. David, Deputies City Attorney, for Appellant.

C. E. Hollopeter and Kent C. Rogers for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff and against defendant in an action for damages for personal injuries sustained by plaintiff found to have resulted from a hole, six inches square and six inches deep, dug and left by defendant's employees in one of its public streets for a period of four or five days. The trial court found in favor of the plaintiff on each material allega-

tion in the complaint and assessed damages in the sum of $1,035.

Defendant relies for reversal of the judgment on three propositions:

*First. The evidence is insufficient to support the findings of fact.*

*Second. The defendant municipality is not liable for injuries resulting from a defective condition of one of its streets in the absence of actual knowledge or actual notice of such dangerous or defective condition.*

*Third. The existence of a defective condition in a public street for the period of four or five days does not as a matter of law constitute constructive notice to the municipality and a reasonable time to remedy the condition under the Public Liability Act of 1923, Statutes of 1923, page 675, Act 5619, Deering's General Laws, volume II, page 3052.*

As to defendant's first proposition, we have examined the evidence and are of the opinion there was sufficient evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain each and every material finding of fact in favor of plaintiff. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399]; *Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

Turning to defendant's second proposition, the defendant municipality is liable for damages, resulting from a defective condition existing in one of its streets, in the absence of actual knowledge or actual notice of the dangerous condition of the street, where, as in the instant case, a presumption of constructive notice has been created from the existence for an unreasonable length of time of the dangerous condition. (*Hook* v. *City of Sacramento,* 118 Cal. App. 547, 553 [5 Pac. (2d) 643].)

Turning to defendant's final proposition, it is a question of fact for the trial court to determine whether the dangerous condition in the public street had existed for a *sufficient length of time* to constitute *constructive notice* and also whether a *reasonable time to remedy* the condition had existed. (*Hook* v. *City of Sacramento,* 118 Cal. App. 547, 554 [5 Pac. (2d) 643].)

■ Furthermore, the defendant municipality had actual notice of the dangerous condition of the public street, since the testimony was to the effect that one of the surveyors of the defendant city dug the hole in the public street and another witness testified that it was not refilled. On this state of facts, the defendant having created the dangerous condition through its agents, had knowledge of the defect at that time and needed no further notice. (*Oklahoma City* v. *Hayden,* 169 Okl. 502 [37 Pac. (2d) 642, 644].)

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 4, 1935, and the following opinion then rendered thereon:

THE COURT.—Defendant's petition for a rehearing places great reliance upon the decision in *Watson* v. *City of Alameda,* 219 Cal. 331 [26 Pac. (2d) 286], and it is claimed the rule therein annonced is contrary to the law as stated in the last paragraph of our opinion.

It is to be noted that the judgment in the instant case would be affirmed for the other reasons stated in the decision, even though the last paragraph were entirely eliminated from the opinion. The law as we have stated it is not contrary to the decision in *Watson* v. *City of Alameda, supra,* the cases being clearly distinguishable on several grounds.

First: In *Watson* v. *City of Alameda, supra,* an employee of defendant painted a line in the street. This act was not *inherently* wrong or *dangerous,* while the digging of a hole in a public highway, as in the instant case, is obviously *inherently dangerous.* Mr. Justice Langdon recognizes this distinction in the case of *Watson* v. *City of Alameda, supra,* wherein he says at page 333:

"Reference is made by plaintiff to the special doctrine that notice is unnecessary where the planned improvement is *inherently wrong and dangerous.*" (Citing among other cases, *Kaufman* v. *Tomich,* 208 Cal. 19 [280 Pac. 130].)

In *Kaufman* v. *Tomich, supra,* a case wherein the municipality directed an independent contractor to dig a ditch which the court found was *inherently dangerous,* Mr. Chief

Justice Waste in holding defendant municipality liable points out at page 26 [208 Cal.]:

"The court having found that the location of the ditch endangered plaintiff's property, it was the duty of the city at all events to prevent the injury. . . . "

Second: There is a clear distinction between the instant case and *Watson* v. *City of Alameda, supra,* in that Act 5619 (Stats. 1923, p. 675; vol. II, Deering's Gen. Laws, 1931, 3052) reads in part as follows:

" . . . municipalities . . . shall be liable for injuries to persons . . . resulting from the dangerous or defective condition of public streets, highways, . . . in all cases where the governing or managing board of such . . . municipality, . . . or other board, *officer or person having authority to remedy such condition,* had knowledge or notice of the defective or dangerous condition of any such street, highway, . . . " (Italics ours.)

■ All the statute requires is that the *person having authority to remedy such condition* shall have *knowledge* or *notice* of the defective or *dangerous condition.*

In *Watson* v. *City of Alameda, supra,* the work was done by an employee of the defendant city and Mr. Justice Langdon at page 332 says:

"Since the accident happened shortly after the work was done, there was, of course, no opportunity for the chief of police, superintendent of streets, *or any other responsible officer of defendant* to obtain knowledge or notice of any dangerous condition; and, indeed, the condition itself could last but a few hours, during which the paint would dry." (Italics ours.)

In the instant case the testimony showed that the surveyor who dug the hole was an *officer or person having authority to remedy such condition.* Thus there was notice and knowledge of the dangerous condition to the person having authority to remedy such condition, as required by Act 5619, *supra.*

Petition for rehearing is denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of

Appeal, was denied by the Supreme Court on December 5, 1935.

Shenk, J., and Langdon, J., voted for a hearing.