[Civ. No. 11226. Second Appellate District, Division One.—July 14, 1937.]

LEON V. SINCLAIR et al., Appellants, v. THE CITY OF PASADENA (a Municipal Corporation), Respondent.

Lobdell & Watt, Charles E. R. Fulcher and Carol G. Wynn for Appellants.

Harold P. Huls, City Attorney, and Leroy A. Garrett and Howell Purdue, Deputies City Attorney, for Respondent.

DORAN, J.—This is an appeal from a judgment notwithstanding the verdict.

The facts briefly are as follows: In the early morning of May 6, 1934, at or about 2:30 A. M., decedent, the son of plaintiffs, appellants herein, was driving his automobile south on Allen Avenue in the city of Pasadena, on the proper side of the street, about midway between the center of the street and the curb and at a moderate rate of speed, when his car collided with a sixteen-ton steam roller. Allen Avenue is sixty-four feet wide between curbs. The steam roller, which was seven feet wide over all, was left standing for the night four feet from the curb, thus blocking the street, so far as automobile traffic was concerned, from the curb into the street,—a distance of eleven feet. Five or six red lanterns were placed on the street in a row along and parallel to the side of the steam roller nearest the center of the street. As to whether any lanterns were placed at the end of the roller as a warning to approaching traffic, is in dispute. The street was not lighted, and pepper trees along the side of the street overhung the steam roller to some extent. In particular it is emphasized in this connection that no barriers were placed in the street as a warning of danger and that the lanterns not only were inadequate but located in such a position that they would appear to approaching traffic to indicate merely an opening in the surface of the street with an open space for safe travel on either side thereof.

It is contended by appellants that under such a state of facts a dangerous condition existed in a public street which was actually or constructively known by a person authorized to remedy the same within the meaning of section 2 of the Public Liability Act. (Stats. 1923, p. 675; Deering's Gen. Laws, Act 5619.) It is conceded that this was a matter for the jury to determine, but, at the same time, respondent emphasizes the fact that the power of the court to direct a verdict exists when there is no substantial evidence to support a verdict in favor of plaintiff if such a verdict were returned.

Moreover, as pointed out by respondent, and as the record reveals, the steam roller had been used in connection with the repair of streets in the vicinity of the accident since April 23d. At night and occasionally during the day it was parked at about the location where the accident occurred. On May 4th and May 5th it was not used. It was parked four feet out from the curb because the concrete gutter was not strong enough to sustain it. It was further established that the three individuals who had actual notice of the al-

leged dangerous condition were: Mr. Morgan, the foreman in charge of the work; Mr. Flory, who, as a part of his labors, operated the steam roller, and Mr. Thomas, who worked on the lantern truck which serviced the lanterns throughout the city whenever such work was in progress. There is no evidence, however, that either the superintendent of streets or the city council, or any member thereof, had any knowledge of such condition.

It is further contended by respondent that, in the light of the foregoing, there was no substantial evidence that a person having authority to remedy the asserted dangerous condition had actual notice thereof, and that there was no substantial evidence showing constructive or implied notice sufficient to bind the municipality. It is upon such grounds that the order granting the motion for judgment notwithstanding the verdict was evidently based. The order should be sustained and the judgment affirmed.

In the absence of a statute creating liability, a municipality is not responsible for the acts of its employees under the circumstances presented herein. ██ If any liability attaches at all it is by reason of the Public Liability Act of 1923. That act, in part, provides as follows: '' . . . municipalities . . . shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, . . . in all cases where the governing or managing board of such county, municipality . . . or other board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such street . . . and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy (the same) . . . '' (Stats. 1923, *supra*.) It will be seen, therefore, that in addition to the dangerous or defective condition, it becomes necessary to establish the fact that a member of some board, officer or person, having authority to remedy such condition, had notice or knowledge thereof and failed to remedy the same. The word ''person'', in the statute hereinabove quoted, obviously is limited in its meaning to an officer or member of a governing board. It cannot, under any rule of construction, be meant to include employees generally. Neither the City of Pasadena, nor anyone in authority to remedy the condition, therefore, so far as the record reveals, had notice or knowl-

edge that the alleged dangerous condition existed. Notice to either Mr. Morgan, Mr. Flory or Mr. Thomas was not sufficient within the meaning of the statute. (*Watson* v. *City of Alameda*, 219 Cal. 331 [26 Pac. (2d) 286].)

For the foregoing reasons the judgment appealed from is affirmed.

York, J., concurred.

Houser, P. J., did not participate in the foregoing decision.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 7, 1937.