[Civ. No. 12856.   Second Appellate District, Division Two.—March 26, 1941.]

ALICE REDMOND, Respondent, v. CITY OF BURBANK (a Municipal Corporation), Appellant.

Ralph W. Swagler, City Attorney, for Appellant.

Fred W. Chase for Respondent.

MOORE, P. J.—Plaintiff prosecutes this action for damages on account of personal injuries suffered from a fall while walking along and upon a sidewalk in the city of Burbank.

About 9 p. m., April 28, 1936, while proceeding normally along the south side of 10th Street in Burbank, she crossed the ten-foot alley which intersected the sidewalk. In proceeding upon her course and as she was about to step from the alley at a point where the sidewalk should have continued, she fell upon a stone wall approximately fifteen inches in height, placed directly across her path and on land dedicated for sidewalk uses. It was a very dark night and plaintiff was wholly unfamiliar with the sidewalk and its obstruction. There were no lights, no guard rails or precautions of any kind to safeguard the pedestrian at that point.

Plaintiff promptly filed with the clerk of the city a claim for damages which claim was disallowed by the city council on the 21st day of July, 1936.

The city had notice of the continued existence and of the dangerous obstruction and had failed to remedy the defect within a reasonable time after such notice. The court found that by reason of the negligence of the city of Burbank in permitting the wall to be so maintained, plaintiff sustained physical injuries, pain and suffering. From the findings so made, the court concluded that the city was negligent in permitting the defective and dangerous condition to continue without a warning thereof and that such negligence was the proximate cause of plaintiff's injuries.

The questions for our determination are: (1) whether the evidence is sufficient to support the findings that the alleged dangerous condition of the sidewalk was the proximate cause of plaintiff's injuries, and (2) whether a verified claim was filed with the city.

█ If there be substantial evidence to support a finding of fact, it will not be disturbed by the appellate court. (*Beck* v. *Sirota*, 42 Cal. App. (2d) 551 [109 Pac. (2d) 419] ; *Restrepo* v. *Weber Baking Co.*, 115 Cal. App. 111 [300 Pac. 980].) Because an inference contrary to that deduced by the trial court might have been drawn by another reasonable mind, that will not justify a reversal. (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal. (2d) 598 [86 Pac. (2d) 829].)

█ The negligence on the part of the city in permitting the dangerous condition in the sidewalk to continue was the proximate cause of the injury. A traveler in the night-time, in the absence of knowledge to the contrary, has the right to assume that a sidewalk is in a reasonably safe condition for travel. He is not bound to anticipate obstructions on a sidewalk. (43 Cor. Jur. 1095.) █ When a pedestrian, in the darkness of night, while exercising ordinary care, falls over an obstruction in a sidewalk existing by reason of the negligence of the city, the municipality is liable. (*Seward* v. *Wilmington*, 2 Marv. (Del.) 189 [42 Atl. 451].) Suddenly and without warning, plaintiff encountered the wall in the darkness and fell. In falling she was injured. To state the simple facts fastens the negligence of the city to the injuries of plaintiff. █ The rule that plaintiff must prove that the negligence is the proximate cause of the injury suf-

fered (*Puckhaber* v. *Southern Pac. Co.*, 132 Cal. 363 [64 Pac. 480]), does not require demonstration of the connection between proved negligence and the resultant injury. It is not necessary that an eye witness be produced to testify directly to the fact. Circumstantial evidence alone, if convincing, is sufficient. (*County of Alameda* v. *Tieslau*, 44 Cal. App. 332, 337 [186 Pac. 398].) A consideration of the usual propensities of mankind warrant the inference that the plaintiff would have attempted to avoid colliding with the rock wall and also that if the wall had been lighted her attention would have been directed to it. (*Ibid.*)

■ A pedestrian lawfully using a public sidewalk in the darkness is not guilty of contributory negligence where, without notice of its presence, he falls over an obstruction. (19 Cal. Jur. 147.) Under such circumstances, he is required to use such caution as an ordinarily prudent person exercises under similar circumstances. ■ The defense of contributory negligence must be affirmatively established by a preponderance of the evidence unless such negligence of plaintiff can fairly be inferred from evidence adduced to establish plaintiff's own case. ■ Whatever negligence of plaintiff may have been shown, before it can prevent her recovery, it must be shown to have contributed directly and proximately to cause her to fall over the obstruction. (*Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066].) The evidence abundantly supports the decision of the trial court which found as facts that the obstruction complained of was the proximate cause of plaintiff's injuries and that no negligence of plaintiff contributed thereto.

The authorities cited by defendant (*Asher* v. *Pacific Elec. Ry. Co.*, 42 Cal. App. 712 [187 Pac. 976]; *Luman* v. *Golden Ancient C. Min. Co.*, 140 Cal. 700 [74 Pac. 307]; *Puckhaber* v. *Southern Pac. Elec. Co.*, *supra*), do not avail defendant because in all of them but one the evidence was insufficient to convince the trial court that the negligence complained of was the proximate cause of plaintiff's injuries. In the Puckhaber case, the Supreme Court demonstrated that the evidence was wholly insufficient to warrant an inference that the negligence complained of could have been the proximate cause of the death of plaintiff's son.

■ The contention that a verified claim was never presented to the city council was decided against the defendant.

upon contradictory evidence. A claim in proper form and contents in every respect is found in the record (Act 5149, Deering's Gen. Laws [1937]). The plaintiff at one time during the course of a former trial, under cross-examination, stated that she never appeared before a notary public to sign the document. But on the last trial, she testified clearly that she did appear before the notary public to subscribe and make oath to the affidavit. Her testimony satisfied the trial court.

In view of the doctrine that all intendments must be resolved in favor of the correctness of the findings, this court should not interfere.

Judgment is affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing was denied April 21, 1941, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1941.