[Civ. No. 12722.   Second Dist., Div. One.   Oct. 15, 1942.]

CECILLE LORRAINE, Plaintiff; BEN H. BROWN, as Administrator, etc. (Substituted Plaintiff), Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Victor P. Spero and Bourke Jones, Deputies City Attorney, for Appellant.

J. H. O'Connor, County Counsel, Ernest Purdum, Deputy County Counsel, and David B. Larimer for Respondent.

YORK, P. J.—This is an appeal by the city of Los Angeles from a judgment recovered by plaintiff Cecille Lorraine on account of personal injuries sustained by her when she fell on a broken sidewalk. Said Cecille Lorraine died during the pendency of this appeal, and Ben H. Brown, as Administrator of her estate, was substituted in her place as party respondent.

The evidence adduced at the trial of said action reveals that on October 15, 1937, around 4:30 p. m., Cecille Lorraine alighted from a street car at the terminus of a car line on Vine Street about a quarter of a block north of Hollywood Boulevard in the city of Los Angeles. She crossed Vine Street and stepped up onto the sidewalk at a point 10 or 12 feet north of the intersection of Vine Street and Hollywood Boulevard, took a few steps, probably a distance of three feet, and (as she testified) "then my foot must have caught in something, and I took a double-header which threw me with great force onto the pavement. . . . The only thing I felt, I was caught. I felt my foot was caught." As a result of the fall said Cecille Lorraine sustained a fracture of the proximal extremity of the humerus and other painful injuries.

The witness Barrere testified that he observed the condition of the sidewalk at the point in question practically every day during the month of October, 1937, and took particular note of it on October 16th; that he observed there was a culvert (storm drain catch basin) the top of which formed part of the sidewalk and that close to one corner of the catch basin cover the sidewalk was broken away, forming a hole over 12 inches long, well over 2 inches deep and that "I could put my whole shoe inside the hole." Said witness described the location as being 12 to 15 feet from the corner of Hollywood Boulevard and about 3 feet east of the easterly curb line of Vine Street, such condition being shown in a

photograph admitted in evidence as Plaintiff's Exhibit 3. He also stated that he had observed for about a month or six weeks prior to the accident that the sidewalk was in much the same condition as it was on the day on which he took particular note of it.

The witness Cook, a right-of-way solicitor for Southern California Edison Company, testified that at the request of the attorney who filed Mrs. Lorraine's claim with the city of Los Angeles, he measured the hole in question on October 16, 1937, noted such measurements upon a tracing which he made at that time, which was introduced in evidence as Plaintiff's Exhibit 4, and attempted unsuccessfully to make a plaster cast of the hole. He stated that the hole was twelve feet west from a point ten feet north of the southwest corner of the California Bank Building located at the northeast corner of Hollywood and Vine; that the hole was ragged, 18 inches long, "about 7 inches in width at the widest point," and varied in depth from one-quarter inch to three inches.

The witness Gravatt, an investigator for the Board of Public Works of the City of Los Angeles, testified on behalf of appellant to the effect that he photographed and took measurements of the hole on November 24th and on November 26, 1937, one of such photographs being introduced in evidence as Defendant's Exhibit D, and that the length of the hole was 18 inches; that the width varied from two inches at the south end to five inches at the north end, the widest point being seven inches; that the depth ranged from a quarter of an inch on the east side to an inch and three-quarters on the west side, which was the deepest point.

It is urged by appellant "that the evidence is insufficient to support the findings, for the reason that

"1. The evidence does not show that the asserted defective condition of the sidewalk was the cause of plaintiff's fall thereon; and

"2. It does not appear that the City of Los Angeles had knowledge or notice of the *dangerous character* of the defect relied upon by plaintiff and a *reasonable opportunity to make repair.*" (Italics included.)

In connection with point one, above, appellant maintains that "Admittedly, plaintiff caught her foot and fell approximately at the place where the sidewalk was in the condition of which she complains, but the fact that a person falls upon a sidewalk or other public way at a place

where it may be defective is, without more, insufficient to establish that the allegedly defective condition was the proximate cause of such person's fall." Further, "In view of the complete absence of any evidence that plaintiff's fall upon the sidewalk was caused by the defective condition thereof, it follows that the finding that plaintiff's injuries were caused by defendant's negligence is not supported by the evidence."

This precise question was raised in the case of *Redmond* v. *City of Burbank*, 43 Cal.App.2d 711, 713 [111 P.2d 375], where the court said: "If there be substantial evidence to support a finding of fact, it will not be disturbed by an appellate court. (*Beck* v. *Sirota*, 42 Cal.App.2d 551 [109 P.2d 419]; *Restrepo* v. *Weber Baking Co.*, 115 Cal.App. 111 [300 P. 980].) Because an inference contrary to that deduced by the trial court might have been drawn by another reasonable mind, that will not justify a reversal. (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598 [86 P.2d 829].) . . .

"The rule that plaintiff must prove that the negligence is the proximate cause of the injury suffered (*Puckhaber* v. *Southern Pac. Co.*, 132 Cal. 363 [64 P. 480]), does not require demonstration of the connection between proved negligence and the resultant injury. It is not necessary that an eye witness be produced to testify directly to the fact. Circumstantial evidence alone, if convincing, is sufficient. (*County of Alameda* v. *Tieslau*, 44 Cal.App. 332, 337 [186 P. 398].)"

The evidence conclusively established that there was a hole in the sidewalk large enough for a man to put his whole foot in it; that Cecille Lorraine fell at the very spot where this hole was located (which appellant admits); and that her foot was caught, as if in a trap, which threw her forward with great force upon the ground. This sufficiently supported the trial court's finding that the defective condition of the sidewalk was the proximate cause of Cecille Lorraine's injuries.

■ With respect to appellant's lack of knowledge or notice of the dangerous character of the defect in the sidewalk, there was evidence that the hole was large enough to be conspicuous—large enough for a man to put his entire shoe inside it, and also that such defective condition had existed for a month or six weeks prior to the date of Mrs. Lorraine's fall.

It is well settled that constructive notice can be shown by the long continued existence of the dangerous or defective condition, and it is a question of fact for the jury to determine whether the condition complained of has existed for

a sufficient time to give the public agency constructive notice. See *Bauman* v. *City and County of San Francisco,* 42 Cal.App.2d 144 [108 P.2d 989]; *Edwards* v. *City of San Diego,* 126 Cal.App. 1 [14 P.2d 119]; *Wise* v. *City of Los Angeles,* 9 Cal.App.2d 364 [49 P.2d 1122, 50 P.2d 1079]; *Hook* v. *City of Sacramento,* 118 Cal.App. 547 [5 P.2d 643].

The fact that it is appellant's duty to inspect and keep in repair the public sidewalks of the city, together with the facts and circumstances established by the evidence herein, clearly justify an inference that appellant had constructive notice of the dangerous character of the defective sidewalk existing at one of the busiest and most prominent intersections in the city of Los Angeles.

For the reasons stated, the judgment is affirmed.

Doran, J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 7, 1942.