Gorham *v.* Cohen.

---

AGNES MAY GORHAM, ADMINISTRATRIX, *vs.* HARRY COHEN ET AL.

Third Judicial District, Bridgeport, April Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Where, among much conflicting testimony as to the exact point at which the defendant's automobile struck the plaintiff's intestate, there was some evidence that it occurred after the defendant had commenced to turn to the left at an intersection without keeping to the right of a traffic stanchion, it was proper for the trial court to charge the jury that, if they found this to be the fact, the defendant had violated his statutory duty as defined in § 1 of Chapter 246 of the Public Acts of 1923.

If the operator of a slowly moving automobile sees, at a considerable distance, a young child about to cross his path, and, instead of using his abundant opportunity to make safety sure and avoid the uncertainties inherent in the child's conduct, prefers rather to continue his course on the strength of his own calculation as to the probabilities of danger, he has no cause for complaint if the jury finds that he was negligent.

The economic value of the life of a child, two and one half years of age, is most difficult to estimate, since the usual factors of earning power, capacity to save, and expectancy of life are not capable of proof; but if the child was normal and healthy and

suffering from no known handicap, a verdict for $5,000, though large, cannot be held excessive, especially when it has been accepted by the trial court.

Argued April 17th—decided June 2d, 1925.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in Fairfield County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by the defendants. *No error.*

*William W. Bent,* for the appellants (defendants).

*Samuel Reich,* with whom was *Abe S. Geduldig,* for the appellee (plaintiff).

MALTBIE, J. This is an action brought to recover for the death of plaintiff's decedent alleged to be due to the negligent conduct of the defendant Harry Cohen, while operating a motortruck under authority from the defendant Anna S. Cohen, his wife, who owned it. The jury by its verdict has established the fact that the automobile ran into the decedent, a boy two and one half years old, as he was attempting to cross the street, causing him injuries from which he later died. The accident occurred on North Avenue in the city of Bridgeport, near its intersection with Madison Avenue. The center point of the intersection of the streets was marked by a stanchion or "silent policeman." Cohen was driving easterly along North Avenue, and testified that it was his intention to turn at the intersection northerly into Madison Avenue. The trial court in its charge instructed the jury upon the basis of a possible finding by them of a violation of the statutory rule which requires that at a street intersection the operator of a motor vehicle shall "keep to the right of the inter-

section of the centers of such highways when turning to the left, except when otherwise directed by a local ordinance or traffic officer." Public Acts of 1923, Chap. 246, § 1. The witnesses varied considerably as to the exact point of the accident, and to this the trial judge called attention, carefully pointing out that his instruction was based upon a finding by the jury that it did occur as the automobile was "turning the corner." Certain of plaintiff's witnesses testified that the automobile, at the moment of the accident, was proceeding along to the left of the center line of North Avenue, and had reached a point only a few feet west of the west line of Madison Avenue, and also that it was then turning in the direction of the latter street so as to round the corner to the left of the stanchion. If the jury believed this testimony, as of course it might, the automobile was not, in the words of the statute, keeping to the right of the intersection of the centers of the highways when turning to the left, and the court was amply justified in calling the attention of the jury to this possible conclusion upon their part.

This perhaps makes it unnecessary to consider further the claim of the defendant that the jury could not reasonably have found that the driver of the automobile was negligent. Still, in view of the fact, which must be conceded as established beyond question, that the automobile was going at a very moderate speed at the time of the accident, and was brought to an almost instant stop upon its occurrence, this may be said: The driver himself testified that when he was almost half a block away, he saw the child as it left the curb and as it ran into the street, that he knew the child was going to cross the path of the automobile, and that he was then going only four or five miles an hour and could have stopped his car instantly; nor does he, or in fact any of the witnesses, suggest that the child took

any other than a straight course as he ran into the street; yet the automobile, as the jury found, ran into the child. The conduct of the driver might well have been found to come within the condemnation we expressed for that of the parties in *Sistare* v. *Connecticut Co.*, 101 Conn. 459, 126 Atl. 688. With this little boy running into the street in front of the automobile and about to cross its path, with all the uncertainties as to his conduct inherent in the situation, with abundant opportunity afforded the driver to make a condition of safety sure, yet he either disregarded the danger of harm or formed his decision upon the probabilities of the situation as he assumed them to be, and went ahead. A conclusion that such conduct was negligent can hardly be assailed.

The verdict of the jury fixed the damages at $5,000, and the defendant attacks it upon the ground that it is excessive. As already noted, the decedent was only two and one half years old. Of necessity many of those elements which, in the case of a person of mature age, are to be considered by a jury in an attempt to fix the economic value of a life could not be placed in evidence; such, for instance, as actual earnings in the past, proven abilities and capacity to save, with all the probabilities as regards the future indicated by them; so, too, at that age, there is less basis for a determination of the strength of the deceased to fend off the untoward circumstances of life. The evidence would have justified the jury in finding that this boy had been a healthy child from the time of his birth, was well-developed physically and active in his habits, and so, that he was beginning life under no known handicap; and, while no spoken evidence was offered bearing upon the conditions, economic and otherwise, under which he was being reared, his mother appeared in court as a witness and gave some testimony bearing upon the care

she was taking in his upbringing; and no doubt the trial judge and jury made observations and drew inferences. To attempt to determine what is the economic value of a life that is ended so shortly after it has begun opens at best an almost illimitable field for the exercise of judgment, and the conclusion of the twelve individual minds which combine to make the verdict, fortified as here by the refusal of the trial judge to interfere, is not easily to be set aside. *Lane* v. *United Electric Light & Water Co.*, 90 Conn. 35, 37, 96 Atl. 155; *O'Connor* v. *Zavaritis*, 95 Conn. 111, 116, 110 Atl. 878. We consider this to be a large verdict under the circumstances of the case, but we cannot find error in the denial of the motion to set it aside.

There is no error.

In this opinion the other judges concurred.