**SCHUMAN et al. v. STERNBERG et al.**

No. 26343.    Dec. 8, 1936.

M. L. Hankins and Charles E. Wells, for plaintiffs in error.

George C. Abernathy, Edward Howell, and Kenneth Abernathy, for defendants in error.

PER CURIAM. For convenience herein we shall refer to the parties as they appeared in the trial court.

This action for money judgment and for foreclosure of real estate mortgage was commenced on February 4, 1933, by plaintiff against the defendants, F. L. Schuman, Jos. M. Schuman, Sam Gordon, and Lola Gordon. On March 3, 1933, cross-petitioner. W. H. Franks, filed an answer and cross-petition seeking judgment against the defendants Sam Gordon and Lola Gordon in the principal sum of $3,000, with interest, attorney's fees and costs, and for foreclosure of his second mortgage on the lands in question, subject only to the lien of plaintiff's first mortgage. The defendants, F. L. Schuman, Jos. M. Schuman, Sam Gordon, and Lola Gordon, were each personally served with summons and the answer dates on which said defendants were required by said summonses to plead or answer expired on or before April 11, 1933. In the interim between the filing of this foreclosure action and the dates on which the defendants were required to answer the petition and cross-petition, Senate Bill No. 76 of the 1933 Legislature, otherwise known as the "Mortgage Moratorium Bill," was passed.

On March 21, 1933, defendants F. L. Schuman, Jos. M. Schuman, and Sam Gordon filed demurrer to plaintiff's petition, which demurrer was overruled by the trial court on March 25, 1933, and the defendants given 20 days from said date in which to answer plaintiff's petition.

On December 15, 1933, no further pleading or answer having been filed by any of the defendants to the plaintiff's petition or to the cross-petition of W. H. Franks, the trial court rendered default judgment in favor of plaintiff and cross-petitioner as prayed for, decreeing plaintiff's mortgage to be a first lien on the lands in question and cross-petitioner's mortgage to be a second lien on said lands; and further providing that if the defendants failed to pay said judgments within six (6) months from the date thereof, said lands should be sold at sheriff's sale and the proceeds thereof to be applied to the payment of plaintiff's judgment, and that the balance thereof be applied to payment of cross-petitioner's judgment.

Thereafter, on January 29, 1934, the defendants F. L. Schuman and Jos. M. Schuman filed petition to vacate said judgment, stating as grounds for setting aside the judgment that they had relied on certain purported general statements of the trial court that no defendants would be declared in default or required to answer in mortgage foreclosure cases until after this court had passed on the constitutionality of the Mortgage Moratorium Act; and further alleging that plaintiff and cross-petitioner with knowledge of these statements of the trial court procured their default judgments by fraud on the court and on the defendants. For further grounds for setting aside said judgments the defendants alleged unavoidable casualty and misfortune, which prevented them from defending the action, in that their counsel, A. J. Carlton, who had been retained to represent said defendants, became ill in March, 1933, and died on August 12, 1933; and that on or about July 1, 1933, Attorney M. L. Hankins took over the law practice of Attorney Carlton, and in checking over the office files of Mr. Carlton relied on a notation therein that this cause was "at issue," and relied on the statements of the trial court that defendants would not be required to answer in foreclosure cases until after the question of the constitutionality of the Moratorium Act was settled by this court; and that neither M. L. Hankins, as counsel for the Schumans, nor Charles E. Wells, as counsel for the Gordons, was notified by either the plaintiff or cross-petitioner that default judgment was being taken in this cause.

On July 23, 1934, a supplement and amendment to the petition to vacate judgment and decree was filed, setting up an order of the trial court made on January 27, 1934, as follows:

"Ordered by the court that all foreclosure cases where appearance by defendant has been made that said defendant has twenty (20) days from this date to answer."

That an account of this order was carried as a news item in the local morning paper on January 28, 1934. On August 21, 1934, pursuant to order of sale, and after proper

notice, the lands were sold at sheriff's sale to cross-petitioner W. H. Franks for an amount in excess of plaintiff's judgment; and on November 14, 1934, the trial court overruled objections of the defendants to the sale and confirmed said sale and sustained the demurrer of the defendants in error to the petition and supplemental petition of the plaintiffs in error to vacate the judgments and foreclosure decree of the trial court rendered on December 15, 1933. It is from the order of November 14, 1934, confirming sheriff's sale, overruling objections to the sale, and the sustaining of demurrer to the petitions to vacate the judgment that defendants are appealing.

In their brief defendants urge the following specifications of error as their grounds for reversal in this court.

A. Al'eged error of the court in sustaining the demurrer of plaintiff (and cross-petitioner Franks) to the petition and amendment to petition to vacate.

B. Alleged error of the court in overruling the objections to confirmation of sale and refusing to recall the execution issued in said case.

Since defendants have failed to offer any citations of authority or make any argument in the support of their last assignment of error, it will be assumed by this court that said assignment has been abandoned and will not be considered by the court. Harrington v. City of Tulsa, 170 Okla. 20, 39 P. (2d) 120.

There remains but one specification of error, namely, the alleged error of the trial court in sustaining the demurrer to the petition and amendment to the petition to vacate the judgment and decree rendered on December 15, 1933. The defendants in support of this specification of error contend that they relied on certain statements of the trial court that it would not adjudge in default any defendant in foreclosure cases until the Supreme Court of Oklahoma had passed on the constitutionality of the Mortgage Moratorium Bill, and that by reason thereof the foreclosure decree and judgment should have been vacated. In answer to this contention it is pointed out that before judgment was entered on December 15, 1933, more than nine months had expired from the date of service of summons on each of the defendants, which was as much time as defendants would have had in which to answer plaintiff's petition and cross-petition of Franks if the Moratorium Bill had been held constitu-

tional. The record does not show that any formal order was entered in this case extending the time for the defendant to answer plaintiff's petition until the Supreme Court had passed on the constitutionality of the Moratorium Bill.

Defendants further contend that by reason of the death of their attorney, Carlton, and the subsequent handling of their case by Attorney M. L. Hankins, who was only attorney for the defendants Schumans, and who apparently relied on a notation in Carlton's office files that the case was "at issue," was thereby so misled as to believe that his clients, the Schumans, were not in default. However, plaintiffs in their answer brief point out that Attorney Hankins made several appearances in this case during the months of June, July and October in the year 1933, as did Charles E. Wells, attorney for the defendant Gordon, in connection with various hearings and applications for the appointment of receiver in this case. It would, therefore, appear that Attorneys Hankins or Wells had ample opportunity to examine the court files, answer the pleadings in this case, and familiarize themselves with what issues, if any, had been made up in this case. We, therefore, cannot agree with counsel that the petition to vacate the judgment is sufficient to come within section 556, O. S. 1931, as grounds for setting aside the judgment and decree.

In the case of Hutchings v. Zumbrunn, 86 Okla. 226, 208 P. 224, this court set down the rule, which in our opinion applies in this case, as follows:

"In a proceeding to vacate a judgment on the grounds of unavoidable casualty or misfortune, it must appear that the complaining party is not himself guilty of negligence in al'owing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment."

Under the rulings of this court as set forth in the following cases: Gavin v. Heath, 125 Okla. 118, 256 P. 745; Forest v. Appelget, 55 Okla. 515, 154 P. 1129; and Wagner v. Lucas, 79 Okla. 231, 193 P. 421, the facts as pleaded in the petition and supp'emental petition of the defendants to vacate the judgment were not sufficient to entitle the defendants to the relief prayed for.

We are, therefore, of the opinion that the judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid

of Attorneys H. C. Kerr, Russell F. Hunt, and T. H. Haugh in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Kerr and approved by Messrs. Hunt and Haugh, the case was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BUSBY, JJ., absent.