**HALE-HALSELL CO. et al. v. WEBB et al.**

No. 28540. March 21, 1939.

Rehearing Denied April 11, 1939.

590

Clayton B. Pierce, Truman B. Rucker, and Fred M. Mock, for plaintiffs in error.

W. P. Morrison, Claud Briggs, and John Morrison, for defendants in error.

HURST, J. This is an action for damages for the wrongful death of a girl, four years of age, brought by her parents against Hale-Halsell Company and its truck driver, D. E. Knight. Defendants' demurrer to the evidence and motion for directed verdict were both overruled. The jury returned a verdict for $6,000, on which judgment was rendered. Defendants appeal.

■ The first contention is that there was not sufficient evidence of primary negligence to go to the jury, and therefore the court erred in not taking the case from the jury. The accident occurred near the intersection of the highway and a street in the city of Wilburton. The child's mother had crossed the highway and had started up the intersecting street, when the child began running after her. It ran onto the highway and got halfway across, when it was struck by the truck driven by defendant Knight, resulting in the instant death of the child. The evidence was uncontradicted that the highway was clear of any obstruction to vision, and that the place of accident was plainly visible from a distance of 100 yards down the highway along which Knight was proceeding. Witnesses who testified upon the point agreed that the speed of the truck was from 20 to 25 miles per hour. There was evidence that the child traveled, from where she started running to the place of the accident, a distance of 50 feet. It is plain that the truck was moving four or five times as fast as the child, and that it traveled 200 to 250 feet while the child was going 50 feet.

There was sufficient evidence from which the jury might infer that a proper lookout was not maintained, and that defendant was negligent in failing to discover the child on the highway in time to avoid the accident. In ruling on the demurrer to the evidence and the motion for a directed verdict, it was the duty of the court to say whether any facts were established by the evidence from which negligence could be reasonably inferred; but it was for the jury to say whether negligence ought to be inferred from the facts. City of Tulsa v. Harman (1931) 148 Okla. 117, 299 P. 462. It is only when the evidence with all the inferences the jury could reasonably draw therefrom are insufficient to support a verdict for plaintiff that the court may direct a verdict for defendant. Kramer v. Nichols-Chandler Home Building & Brokerage Co. (1923) 93 Okla. 227, 220 P. 338; Oklahoma City-Ada-Atoka Ry. Co. v. Riddle (1938) 183 Okla. 318, 82 P.2d 304. Therefore, our conclusion is that the court did not commit error in refusing to take the case from the jury.

The cases cited by plaintiffs in error holding drivers of automobiles, not otherwise negligent, are not liable for accidents where the person injured darted from a place of safety into the path of the automobile and came into view so suddenly and such a short distance away that the driver was unable to stop after seeing him, are not applicable to the instant case, for the reason that here there was evidence that the child was on the highway far enough away for the driver to have stopped his truck before striking it had he been looking down the highway, as was his duty in the exercise of ordinary care.

■ The next contention is that the verdict is excessive. In considering the excessiveness of verdicts, the duty of the reviewing court is to let the verdict stand "unless the verdict is so plainly and outrageously excessive as to suggest at first blush passion, prejudice, or corruption on the part of the jury." Lakeview v. Davidson (1933) 166 Okla. 171, 26 P.2d 760. The amount of damages properly recoverable

in this type of case is necessarily indefinite because it is determined by so many factors, and we hesitate to supplant the jury's determination of the amount with our judgment thereon. The factors vary in each case and, in determining whether a verdict is excessive, each case must be decided on its own facts and circumstances. Sand Springs Ry. Co. v. McGrew (1923) 92 Okla. 262, 219 P. 111; Oklahoma City v. Hayden (1934) 169 Okla. 502, 37 P.2d 642. Considering the facts and circumstances here presented, we cannot say that the amount of damages found by the jury is so excessive as to show passion and prejudice on the part of the jury against the defendant.

■ The third contention is that the court erred in admitting in evidence, over proper objections, photographs of the place of the accident, which were admitted, as shown by the court's language, "to show the location of the road and the intersection." Photographs are admissible to show the location and character of permanent inanimate objects, even if the pictures were taken long after the accident, if it is shown that the conditions remained unchanged. St. Louis & S. F. Ry. Co. v. Dale (1912) 36 Okla. 114, 128 P. 137; Patrick v. Siliskis (1924) 105 Okla. 51, 222 P. 543; 22 C. J. 917, sec. 1119. The photographs were verified by proof that they were true representations and that the location and character of the inanimate objects had not changed from the date of the accident to the date the photographs were made, except that the highway was paved when the pictures were taken, and graveled when the accident occurred. We conclude that the admission of the photographs was not error. Nor was prejudicial error committed in admitting testimony as to how far down the highway the place of accident was visible. as defendant contends, since the jury was permitted to view the premises.

■ Plaintiffs in error have made numerous other assignments of error, but have failed to support them with argument or citation of authority. We will, therefore, deem them waived. Schuman v. Sternberg (1936) 179 Okla. 115, 65 P.2d 410.

On motion of the defendants in error, judgment is entered on the supersedeas bond.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DANNER, JJ., concur.