**Lottie STEVENS, Plaintiff in Error,**

v.

**Grafton SCHICKENDANZ, as Administrator of the Estate of Genta Marie Schickendanz, Deceased, Defendant in Error.**

**No. 36897.**

Supreme Court of Oklahoma.

April 23, 1957.

As Amended Oct. 28, 1957.

Rehearing Denied Oct. 29, 1957.

 

Grigsby, Foliart & Hunt, Oklahoma City, for plaintiff in error.

Bryan Billings, Woodward, for defendant in error.

WELCH, Chief Justice.

Genta Marie Schickendanz, a female child two years and nine months of age, met death when an automobile being driven by her grandmother, Lottie Stevens, overturned.

Grafton Schickendanz, as administrator of the estate of Genta Marie Schickendanz, deceased, and for the benefit of Ray and Dorothy Schickendanz, the parents of the decedent, brought suit for wrongful death against Lottie Stevens, alleging the death occurred as result of the defendant's negligence, and that the said parents sustained a loss by reason of the loss of the prospective services and earnings of their minor child in an amount of $10,000.

Trial resulted in verdict and judgment for the plaintiff and against the defendant for $10,000, and the defendant brings appeal.

It is argued there was prejudicial and inflammatory argument to the jury by counsel for the plaintiff whereby there was a violation of the rule prohibiting the disclosure of liability insurance to the jury in such cases; that plaintiff's argument contained a subtle and indirect but nevertheless successful attempt to convey to the jury that the defendant was insured and with resulting prejudice to the defendant as reflected in the verdict of the jury.

 The record reflects, and indeed it is tacitly admitted, there was sufficient evidence to permit the inference that the defendant was guilty of negligence which resulted in the death of the plaintiff's decedent. Otherwise, there was some evidence concerning the conditions in life under which the decedent minor child had lived, and that decedent was in good health at the time of death.

Our attention is directed to the closing argument presented to the jury by counsel for the plaintiff, and we have carefully examined it.

We deem it not necessary to copy the argument here. It does not mention the word "insurance," nor is there an apt description of liability insurance, nor a direct suggestion of a liability other than that of the defendant.

 We do not perceive that the jury herein was advised by the plaintiff's counsel's argument that the defendant herein was or was not covered by insurance, or that the closing argument for the plaintiff contained any matter of harmful or injurious effect such as constituted a prejudice of rights of the defendant.

The defendant argues: "the amount of the verdict is manifestly excessive, appearing to have been given under the influence of passion or prejudice."

 Mindful of the law of this state that damages for wrongful death are strictly compensatory, we are here confronted with a consideration that the extent of the pecuniary loss sustained in the death of a child of tender years is well nigh impossible of proof in any particular degree of exactness.

 It has been said the law presumes a pecuniary loss to a parent from the death of a child. Lakeview, Inc., v. Davidson, 166 Okl. 171, 26 P.2d 760, 761. In the Lakeview case it was held:

"As compensation for loss of life of a child based upon the negligent act of another, a parent may be allowed substantial damages measured by the experience and judgment of a jury enlightened only by a knowledge of age, sex, and condition in life of the deceased child."

 In the Lakeview case a judgment for $8,000 for the death of a five year old boy was affirmed. Therein there were not exact words of testimony concerning elements material to gauge an amount of damages as is usually present

upon trial for wrongful death of an adult, but said the Court:

"* * * Nevertheless the judge and jury apparently were well advised as to the matters from a general view of the facts and circumstances of the case. After all, as stated by the Connecticut court, Gorham v. Cohen, 102 Conn. 567, 129 A. 523, 524, 'to attempt to determine what is the economic value of a life that is ended so shortly after it is begun opens at best an almost illimitable field for the exercise of judgment, and the conclusion of the twelve individual minds which combine to make the verdict, fortified as here by the refusal of the trial judge to interfere, is not easily to be set aside.'

"As stated by the Washington Court, Kranzusch v. Trustee Co., 93 Wash. 629, 161 P. 492, 494: 'All the jury could do was to take into consideration the age, health, and capacity of the child, the situation of the parents, and award such damages as to them should seem just.'

"The reviewing court's duty is aptly stated in such cases by the California court, Gorman v. Sacramento County, 92 Cal.App. 656, 286 P. 1083, 1088: 'Unless the verdict is so plainly and outrageously excessive as to suggest at first blush, passion, prejudice or corruption on the part of the jury,' the reviewing court cannot set it aside."

In Hale-Halsell Co. v. Webb, 184 Okl. 589, 89 P.2d 273, it was held that a verdict of $6,000 for the death of a four year old girl was not so excessive as to suggest passion or prejudice of the jury. In Stanolind Oil & Gas Co. v. Jamison, 204 Okl. 93, 227 P.2d 404, 23 A.L.R.2d 1141, involving the death of an eight year old child, the judgment of $10,000 was held not excessive.

█ Herein, as measured by the experience and judgment of the jury, it was determined that compensation for the loss of life of the child should be $10,000. We

are of the view the amount is not so excessive as to suggest passion or prejudice of the jury.

The judgment is affirmed. . . .

CORN, V. C. J., and HALLEY, WILLIAMS and BLACKBIRD, JJ., concur.

DAVISON, JOHNSON, JACKSON and CARLILE, JJ., dissent.