**Paulette EVANS et al., Petitioners,**

v.

**Forrest W. OLSON, M.D., et al., Respondents.**

**No. 47827.**

Supreme Court of Oklahoma.

May 25, 1976.

Eugene B. Ralston, Topeka, Kan., James M. Hays III, Oklahoma City, for petitioners.

Calvin W. Hendrickson, Nancy C. Laughlin, Oklahoma City, for respondent, W. R. Sylvester, M.D.

Dale Reneau, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for respondent, South Community Hospital.

LAVENDER, Justice:

Plaintiffs, Paulette Evans and Robert W. Evans, as next of kin of their stillborn child and in their individual right, brought suit against three defendants, Forrest W. Olson, M.D.; W. R. Sylvester, M.D.; and South Community Hospital. The petition contains several counts. Count I with two causes of action appears to be based on the Oklahoma wrongful death statute. Here, we are reviewing a certified interlocutory order wherein the trial court sustained the defendants' demurrer to plaintiffs' petition as to causes of action "brought by the parents as heirs of their deceased, stillborn child for the wrongful death of their viable stillborn child." We pass on that issue as a matter of law and not on its merits.

In 1953 this jurisdiction in *Howell v. Rushing,* Okl., 261 P.2d 217, without discussing the different rationales, recognized the two opposite views promulgated by *Drabbels v. Skelly Oil Co.,* 155 Neb. 17, 50 N.W.2d 229 (1951) and *Verkennes v. Corniea et al.,* 229 Minn. 365, 38 N.W.2d 838 (1949). *Drabbels* refused recognition of such an action. *Verkennes* recognized such an action. *Howell, supra,* adopted the *Drabbels* rule "for reasons stated in that opinion." Oklahoma again refused to recognize such an action in *Padillow v. Elrod,* Okl., 424 P.2d 16 (1967). There it was said the weight of authority was against recognition, and wrongful death statute had not been changed.

It is time this jurisdiction recognizes the right of a viable unborn child to a cause of action for injury and wrongful death. *Howell, supra,* and *Padillow, supra,* are expressly overruled as to that issue.

Oregon is one of the latest jurisdictions to allow maintenance of a wrongful death action for a stillborn child that was viable. *Libbee v. Permanente Clinic,* 268 Or. 258, 518 P.2d 636 (1974). That opinion (*Libbee, supra*) states: "Since *Verkennes* the courts of 19 jurisdictions now expressly permit an action for the death of a viable unborn child. Twelve jurisdictions expressly prohibit such actions." Here, as in that opinion, the authorities both recognizing and denying such a cause of action are

footnoted.[1] The permitting jurisdictions are now 21 with Oregon and the changing of Massachusetts with its overruling of *Leccese v. McDonough,* 361 Mass. 64, 279 N.E.2d 339 (1972) by the July 16, 1975, decision of *Mone v. Greyhound Lines, Inc.,* Mass., 331 N.E.2d 916. Jurisdictions expressly prohibiting such actions are reduced to 11. Also see Death Action—Unborn Child, Annot., 14 A.L.R.3d 992.

*Libbee, supra,* p. 638, sets out the principal reasons stated for prohibiting such actions. It then explains why the reasons no longer apply. They are:

(1) *Precedent.* the weight of authority now favors recovery;

(2) *An unborn child has no judicial existence apart from its mother.* there is no medical or scientific basis for such a proposition; and

(3) *permitting such action would open the door to fraudulent claims and proof of a causal connection and of pecuniary damages.* once a substantive right of a person is recognized, that right cannot then be denied because of possible difficulties in proof.

*Libbee, supra,* also contains interesting applications to hypothetical cases showing absurd results under the denial rule.

I. A. Jurisdictions allowing such actions:
1. Connecticut: *Hatala v. Markiewicz,* 26 Conn.Sup. 358, 224 A.2d 406 (1966) *Gorke v. LeClerc,* 23 Conn.Sup. 256, 181 A.2d 448 (1962)
2. Delaware: *Worgan v. Greggo & Ferrara, Inc.,* 11 Terry 258, 128 A.2d 557 (1956)
3. Georgia: *Porter v. Lassiter,* 91 Ga. App. 712, 87 S.E.2d 100 (1955)
4. Illinois: *Chrisaforgeorgis v. Brandenberg,* 55 Ill.2d 368, 304 N.E.2d 88 (1973)
5. Indiana: *Britt v. Sears,* 150 Ind.App. 487, 277 N.E.2d 20 (1971)
6. Kansas: *Hale v. Manion,* 189 Kan. 143, 368 P.2d 1 (1962)
7. Kentucky: *Mitchell v. Couch,* Ky., 285 S.W.2d 901 (1955) *Rice v. Rizk,* Ky., 453 S.W.2d 732 (1970)
8. Louisiana: *Valence v. Louisiana Power & Light Co.,* La.App., 50 So.2d 847 (1951)
9. Maryland: *Use of Odham v. Sherman,* 234 Md. 179, 198 A.2d 71 (1964)
10. Michigan: *O'Neill v. Morse,* 385 Mich. 130, 188 N.W.2d 785 (1971)
11. Minnesota: *Verkennes v. Corniea,* 229 Minn. 365, 38 N.W.2d 838 (1949)
12. Mississippi: *Rainey v. Horn,* 221 Miss. 269, 72 So.2d 434 (1954)
13. Nevada: *White v. Yup,* 85 Nev. 527, 458 P.2d 617 (1969)
14. New Hampshire: *Poliquin v. MacDonald,* 101 N.H. 104, 135 A.2d 249 (1957)
15. Ohio: *Stidam v. Ashmore,* 109 Ohio App. 431, 167 N.E.2d 106 (1959)
16. So. Carolina: *Fowler v. Woodward,* 244 S.C. 608, 138 S.E.2d 42 (1964) *Todd v. Sandidge Construction Company,* 341 F.2d 75 (4 Cir. 1964)
17. West Virginia: *Baldwin v. Butcher,* 155 W.Va. 431, 184 S.E.2d 428 (1971)
18. Wisconsin: *Kwaterski v. State Farm Mut. Automobile Ins. Co.,* 34 Wis.2d 14, 148 N.W.2d 107 (1967)
19. District of Columbia: *Simmons v. Howard University,* 323 F.Supp. 529 (3 Cir. 1971)

B. Jurisdictions denying such actions:
1. California: *Norman v. Murphy,* 124 Cal.App.2d 95, 268 P.2d 178 (1954) *Bayer v. Suttle,* 23 Cal.App.3d 361, 100 Cal.Rptr. 212 (1972)
2. Florida: *Stokes v. Liberty Mutual Insurance Company,* Fla., 213 So.2d 695 (1968)
3. Iowa: *McKillip v. Zimmerman,* Iowa, 191 N.W.2d 706 (1971)
4. Massachusetts: *Leccese v. McDonough,* 361 Mass. 64, 279 N.E.2d 339 (1972)
5. Nebraska: *Drabbels v. Skelly Oil Co.,* 155 Neb. 17, 50 N.W.2d 229 (1951)
6. New Jersey: *Graf v. Taggert,* 43 N.J. 303, 204 A.2d 140 (1964)
7. New York: *Endresz v. Friedberg,* 24 N.Y.2d 478, 301 N.Y.S.2d 65, 248 N.E. 2d 901 (1969)
8. North Carolina: *Gay v. Thompson,* 266 N.C. 394, 146 S.E.2d 425 (1966)
9. Oklahoma: *Padillow v. Elrod,* Okl., 424 P.2d 16 (1967)
10. Pennsylvania: *Marko v. Philadelphia Transportation Co.,* 420 Pa. 124, 216 A.2d 502 (1966)
11. Tennessee: *Durrett v. Owens,* 212 Tenn. 614, 371 S.W.2d 433 (1963) *Hogan v. McDaniel,* 204 Tenn. 235, 319 S.W.2d 221 (1958)
12. Virginia: *Lawrence v. Craven Tire Co.,* 210 Va. 138, 169 S.E.2d 440 (1969)
(See opinion relative to the change in position as to Massachusetts.)

At common law, an action for personal injuries abated with the death of the injured person and no action for wrongful death existed. The right of action known as wrongful death accrues solely by virtue of statute. 12 O.S.1971, § 1053.[2] The right of action given by the wrongful death statute is predicated upon the right of action which was personal to decedent *had he lived. Haws v. Luethje,* Okl., 503 P.2d 871 (1972). In *Haws, supra,* we said:

> "This court recognized the right of action which is given * * * by the wrongful death statute as a new cause of action which does not arise until after death. This right, however, is predicated upon the right of action which was personal to decedent had he lived. *Hill v. Graham,* 424 P.2d 35, 37, 38 (Okl. 1967)."

We, here, recognize a common-law negligence action brought on behalf of a surviving child which was negligently injured before its birth. *Womack v. Buchhorn,* 384 Mich. 718, 187 N.W.2d 218 (1971) footnotes with citations this statement:

> "Today 27 American jurisdictions allow recovery (for prenatal injuries). Federal District Courts have upheld recovery in two other jurisdictions and there is favorable dictum by the state supreme court in still another jurisdiction. Only one denies recovery." (Oklahoma is not cited as included.) (Explanations added.)

*Womack, supra,* continues by quoting and adopting the reasoning of the New Jersey Supreme Court in *Smith v. Brennan,* 31 N.J. 353, 157 A.2d 497, 503 (1960):

> "And regardless of analogies to other areas of the law, justice requires that the principle be recognized that a child has a legal right to begin life with a sound mind and body. If the wrongful conduct of another interferes with that right, and it can be established by competent proof that there is a causal connection between the wrongful interference and the harm suffered by the child when born, damages for such harm should be recoverable by the child."

We find the common-law in Oklahoma as to such a cause of action has been too rigid. It should be flexible and elastic enough to adapt to the facts of life in light of our scientific knowledge and modern society. Present day science, philosophy, and the great weight of the law in this country requires us to recognize such a common-law negligence action. See Liability for Prenatal Injuries, Annot., 40 A.L.R.3d 1222.

Again from *Womack, supra,* there is a quotation from *Woods v. Lancet,* C.A. of N.Y., 303 N.Y. 349, 102 N.E.2d 691, where a similar cause was recognized and the then case law overruled, as follows:

> "Negligence law is common law, and the common law has been molded and changed and brought up-to-date in many another case. Our Court said, long ago, that it had not only the right, but the duty to reexamine a question where justice demands it, * * *."

Once the common-law negligence action of a surviving child negligently injured during pregnancy is recognized, then the statutory wrongful death action follows, predicated upon the right of action which was personal to decedent *had he lived.* See *Haws, supra.*

Section 1053 allows the maintenance of a wrongful death action upon "the death of

---

**2.** § *1053. Death—Action for When the death of one is caused by the wrongful act or omission of another,* the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, *if the former might have maintained an action had he lived,* against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased." (Emphasis added.)

one." The section continues with the use of "his," "the former," and "had he lived." Many of the wrongful death statutes that recognize such an action to a viable fetus but stillborn, use the word "person" and not "one." The pronoun "one" is defined as "a certain indefinitely indicated person * * *." Webster's Third New International Dictionary, p. 1957. We see no real distinction in § 1053 with the use of "death of one." That phrase includes the death of a viable[3] unborn child.

Here, argument is made, the Oklahoma wrongful death action is limited to pecuniary loss; and loss of pecuniary benefit in prenatal death is uniformly too speculative. We agree that recovery is limited to pecuniary loss. *Rogers v. Worthan,* Okl., 465 P.2d 431 (1970). Punitive damages have not been allowed. *Crossett v. Andrews,* Okl., 277 P.2d 117 (1955). *Rogers, supra,* was a wrongful death suit brought by parents for an 18-year-old child. The opinion cites and reviews several wrongful death verdicts as to small children. This includes *Lakeview, Inc. v. Davidson,* 166 Okl. 171, 26 P.2d 760 (1933) with a judgment of $8,000 in a 5-year-old child's death; *Hale-Halsell Co. v. Webb,* 184 Okl. 589, 89 P.2d 273 (1939) with a judgment of $6,000 in a 4-year-old child's death; *Stanolind Oil & Gas Co. v. Jamison,* 204 Okl. 93, 277 P.2d 404, 23 A.L.R.2d 1141 (1950) with a judgment of $10,000 for an 8-year-old child's death; and *Stevens v. Schickendanz,* Okl., 316 P.2d 1111 (1957) with a judgment of $10,000 for the death of a 2-year-9-month-old child. A syllabus by the court in *Stevens, supra,* said such a loss was substantial damages "measured by the experience and judgment of a jury enlightened only by a knowledge of age, sex, and condition in life of the deceased child." We find no more speculation as to probability of pecuniary loss with a "stillborn" than with a 5-year-old, a 4-year-old, or a 2-year-9-month-old child. If a substantive right is recognized, that right should not be denied because of possible difficulties in proof. *Libbee, supra.*

Although not controlling here, for this action was brought as of April 1, 1974, we note 12 O.S.Supp.1975, § 1055 as relating to the damages recoverable for the death of a child.

Argument is made the legislative intent of § 1053 requires a denial of wrongful death action to a stillborn for the legislature has remained passive and not amended the statute to allow such an action since *Howell* in 1953—a period of over 20 years. We do not agree. It is not § 1053 or its intent that is changed by this decision. The change comes in the common-law as applied in this jurisdiction so as to more fully adapt to present day life. The intent of § 1053 was to allow a death action if the deceased might have maintained an action had he lived. Having here recognized a common-law negligence action to a surviving child suffering a prenatal injury, it must follow that a wrongful death action may be maintained for a viable fetus which is stillborn. No violence has been done to the legislative intent under § 1053.

Reversed and remanded with instructions to proceed in this action in accordance with the views expressed herein.

REVERSED AND REMANDED.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN and SIMMS, JJ., concur.

DAVISON, BERRY, and BARNES, JJ., dissent.

---

3. Viable is defined as "capable of living outside the uterus." Webster's Third New International Dictionary, p. 2548.