Steven C. KINNETT, et al., Plaintiffs,

v.

SKY'S WEST PARACHUTE CENTER, INC., et al., Defendants.

Civ. A. No. 81–C–1756.

United States District Court, D. Colorado.

Nov. 5, 1984.

John L. Breit, Edwin A. Howe, Hansen & Breit, Denver, Colo., John O'Quinn, Houston, Tex., for plaintiffs.

Paul D. Renner, Patrick Burke, Renner, Rodman & Burke, James L. Tilly, Tilly & Graves, Denver, Colo., Lee & Marturano, Englewood, Colo., Kern & Wooley, Los Angeles, Cal., James Piper, U.S. Dept. of Justice, Washington, D.C., for defendants.

### ORDER

CARRIGAN, District Judge.

Plaintiffs LaDora McPeters, *et al.*, filed a motion for application of Wyoming's wrongful death statute in the present case. Defendant Air U.S. opposes this motion. The parties have thoroughly briefed the issues, submitting briefs well in excess of the page limit set by Local Rule 408(C). Oral argument would not assist the decision process. Jurisdiction is based on 28 U.S.C. § 1332.

The decedent, Wilfred McPeters, was a Wyoming resident living with his family in Upton, Wyoming. He purchased a round trip ticket to Dallas, Texas from Air U.S. at its Gillespie, Wyoming office. On his return trip he travelled aboard Air U.S. flight 716 which took off from Stapleton Airport in Denver, Colorado, bound for Gillette, Wyoming. Shortly after takeoff, and while still flying over Colorado, the Air U.S. plane collided with a plane operated by the co-defendant, Sky's West Parachute Center. Wilfred McPeters was killed.

Wilfred McPeters' widow, LaDora McPeters, and a group of his surviving relatives commenced the instant wrongful death action in this court. At the time of the accident, all the plaintiffs were residents of Wyoming. Defendant Air U.S. is a Colorado corporation doing business in several states, including both Colorado and Wyoming. Defendant Sky's West is also a Colorado corporation which operates out of Loveland, Colorado.

Plaintiffs contend that Wyoming's wrongful death statute, rather than Colorado's should govern damages. Wyoming law allows prevailing wrongful death plaintiffs to recover punitive damages and damages for loss of probable future companionship, society and comfort. Wyo.Stat. § 2–14–202(c). Colorado's wrongful death statute limits recovery to net pecuniary loss. Colo.Rev.Stat. § 13–21–201. Colorado law allows no punitive damages for wrongful death. *Herbertson v. Russell,* 150 Colo. 110, 371 P.2d 422 (1962).

Because jurisdiction here is based on diversity, Colorado's choice-of-law rules apply. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1942). Colorado courts apply the law of the state with the "most significant relationship to the occurrence and the parties." *See First National Bank v. Rostek,* 182 Colo. 437, 514 P.2d 314, 320 (1973); *Restatement (Second) of Conflict of Laws* § 175 (1960). In wrongful death actions, the Colorado courts have followed Restatement §§ 175 and 178 in deciding choice of law questions. *See, e.g., Murphy v. Colorado Aviation, Inc.,* 41 Colo.App. 237, 588 P.2d 877, 880 (1978); *Niven v. Falkenburg,* 553 F.Supp. 1021 (D.Colo.1983).

Section 178 provides, "The law selected by application of the rule of § 175 determines the measure of damages in an action for wrongful death." Section 175 states:

"In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to

the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied."

Section 6 lists, as factors to be considered in determining which state's law to apply:

(a) the needs of the interstate and international systems,

(b) the policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Colorado courts, in applying the Restatement standards, have not always applied the tort law of the state in which the accident occurred. *See First National Bank v. Rostek, supra; Sabell v. Pacific Inter-Mountain Express Co.*, 36 Colo.App. 60, 536 P.2d 1160 (1975). Rather, they have considered a variety of factors in determining which state has the most significant contacts with the parties and the occurrence. *See Vandeventer v. Four Corners Elec. Co.*, 663 F.2d 1016, 1017 (10th Cir. 1981).

In this area of the law, it is difficult to generalize about which contacts are most significant. The specific facts of each case must be analyzed. Here, the plaintiffs reside in Wyoming, and the decedent lived there. The decedent purchased his ticket in Wyoming, from a corporation doing business there. His purpose was to make an interstate round trip beginning in Wyoming and ending back in Wyoming. The accident occurred in Colorado airspace, near the Wyoming border, while the decedent was returning to Wyoming. The decedent's Colorado contact was merely fortuitous; the Wyoming bound plane on which he was a passenger collided and crashed south of the Colorado-Wyoming border.

Moreover, Wyoming has a strong interest in seeing that its citizens are fully compensated for their injuries. *See* Wyo.Stat. § 2–14–201 *et seq.*

Defendant argues that Colorado's limitations on wrongful death recoveries promote Colorado's interest in providing a stable business environment for its domestic corporations, including the defendants'. There is no injustice in requiring non-Wyoming corporations, which conduct substantial business in Wyoming, to be responsible according to Wyoming law for tortious injuries and deaths of Wyoming residents while these residents are being transported on round trips beginning and ending in Wyoming. Clearly, Wyoming's interest in seeing its citizens fully compensated outweighs the tenuous asserted possibility of improvements in Colorado's business climate if this court were to apply Colorado law.

I conclude that under the principles stated in §§ 6 and 175 of the *Restatement (Second) of Conflict of Laws*, Wyoming had the most significant relationship to the occurrence and the parties. Accordingly, it is ordered that Wyoming's law governing wrongful death damages will be applied in this action.