Loyd GUYER and his wife Geniva Guyer, Individually and Next of Kin of John Doe Guyer, Their Deceased Minor Son, Appellants,

v.

HUGO PUBLISHING COMPANY, a Corporation; Oklahoma Farmers Mutual Insurance Company, a Corporation; and, James Boone, Appellees.

No. 74687.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 26, 1991.

Rehearing Denied Jan. 6, 1992.

Certiorari Denied May 27, 1992.

Joe A. Stamper, Antlers, for appellants.

Michael G. Smith, and Gil Steidley, McAlester, for appellees.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Loyd Guyer and Geniva Guyer (collectively, Guyer), individually and as next of kin of John Doe Guyer, their deceased minor son, brought an action against Hugo Publishing Company, a corporation, Oklahoma Farmers Mutual Insurance Company, a corporation, and James Boone, for injuries and damages resulting from an automobile accident. Boone was an employee of Hugo Publishing Company and was driving its pickup truck in the performance of his duties at the time of the accident. The insurance company portion of this action has been bifurcated and is not a part of this appeal.

In their Petition, Guyer alleged several causes of action. The first cause of action was for the wrongful death of John Doe Guyer, a three and one half (3½) month old fetus carried by Geniva Guyer at the time of the accident. She had a miscarriage one (1) month after the accident. Included in this first cause of action are medical expenses incurred, loss of anticipated services and support, loss of love and companionship, and destruction of the parent child relationship. The second cause of action was for pain and suffering and emotional distress associated with the miscarriage. The third cause of action was for loss of consortium by Loyd Guyer. The fourth cause of action was against the Insurance Company. Guyer amended the petition and added a fifth cause of action for property damage to their car. The fourth and fifth causes of action are not a part of this appeal.

Appellees answered and filed a Motion for Summary Judgment. They contend that Oklahoma does not recognize a cause of action for wrongful death of a nonviable fetus, which is a fetus incapable of living outside the uterus. They rely on *Evans v. Olson*, 550 P.2d 924 (Okl.1976). Attached as evidentiary material was a deposition of Geniva Guyer stating the fetus was four and one half (4½) months old at the time of the miscarriage; a pathology report calling the fetus "previable"; and a copy of *Evans.*

Guyer responded, also citing *Evans* and cases from other jurisdictions, but attaching no evidentiary materials as required by Rule 13, Rules for District Courts, 12,Ch. 2, App.

The trial court sustained Appellees' Motion and entered summary judgment. Guyer contends the trial court erred in holding that no cause of action exists for the death of a nonviable fetus and for the resultant damages, including medical expenses, loss of child (sic), pain and suffering and emotional distress of Geniva Guyer and loss of consortium by Loyd Guyer.

When reviewing a grant of summary judgment, we will examine the pleadings and evidentiary materials to determine what facts are material to the Plaintiff's cause of action and whether the evidentiary materials introduced indicate a substantial controversy as to a material fact. *Ross v. City of Shawnee*, 683 P.2d 535 (Okl.1984). The undisputed facts show the miscarriage of a nonviable fetus.

In *Evans*, the Court allowed a negligence action to be brought on behalf of a *surviving* child that was negligently injured prior to its birth. *Evans* specifically overruled prior cases which did not allow such an action. The Court also noted in *Evans*, as we do here, that an action for wrongful death is a creature of statute and did not exist at common law. 12 O.S.1981 § 1053 authorizes such an action and provides for the damages recoverable.

■ Prior to the decision of the Supreme Court in the *Evans* case, Oklahoma did not recognize nor allow a wrongful death action for wrongful death of an unborn child. The Evans Court limited its decision to actions involving a "viable unborn child", and did not change the previously existing law as to a previable fetus. Trial courts, and this Court, are bound by decisions of the Supreme Court. The trial court correctly held that an action for wrongful death of a previable fetus does not exist.

■ However, the above does not prevent the Guyers from maintaining an action for damages attributable to injuries suffered by them, or either of them. Injuries and resulting damages suffered by the mother are different from that suffered by the previable fetus. A cause of action by her clearly exists for her alleged injuries. Without limitation of items of possible recovery, and without expressing any opinion as to the merits of the action, we would point out that the mother's injuries, and resulting damages, include, but are not necessarily limited to temporary and permanent mental and physical injury, pain and suffering, and any medical expense for treatment of her injuries. For example, if she suffers, mentally or physically, from the miscarriage, then such injury is compensable. Loyd Guyer's action for loss of consortium is based on injuries to Geniva Guyer. The causes of action properly being pursued by the Guyers should be judged by the general law on torts in the State of Oklahoma. Section 1053 does not apply to this case.

Appellant's three propositions are in the form of questions as follows:

## PROPOSITION ONE

DOES A CAUSE OF ACTION EXIST FOR WRONGFUL DEATH OF A NONVIABLE UNBORN CHILD.

## PROPOSITION TWO

DOES A CAUSE OF ACTION EXIST FOR INJURED MOTHER OF A PREVIABLE FETUS FOR INJURIES, LOSS

OF CHILD, MEDICAL EXPENSES, PAIN, SUFFERING, AND EMOTIONAL DISTRESS AS A RESULT OF BEING NEGLIGENTLY INJURED.

### PROPOSITION THREE

DOES A CAUSE OF ACTION EXIST FOR LOSS OF CONSORTIUM FOR THE SPOUSE OF INJURED MOTHER WHO EXPERIENCES PAIN AND SUFFERING WITH CONCOMITANT LOSS OF PRE–VIABLE FETUS AS A RESULT OF BEING NEGLIGENTLY INJURED.

Proposition one is answered in the negative; and, by changing the words "loss of child" to "a miscarriage", propositions two and three are answered in the affirmative. The judgment as to the action for wrongful death of a nonviable or previable fetus is affirmed. Otherwise, the judgment is reversed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings not inconsistent with this opinion.

BAILEY and ADAMS, JJ., concur.