Alan ROTTMAN, Individually; Robin Rottman, Individually; and Alan Rottman and Robin Rottman as co-personal representatives of the Estate of Baby Boy Rottman, Plaintiffs,

v.

KRABLOONIK, INC., a Colorado corporation, d/b/a Krabloonik; Game Sales International Inc., a Colorado corporation; Fortex USA Limited, a foreign corporation; and Fortex Group Limited, a foreign corporation, Defendants.

No. 93–C–0710.

United States District Court,
D. Colorado.

Oct. 19, 1993.

**1270**

Brian J. Lampert, Schaden, Lampert & Lampert, Denver, CO, Robert A. Clifford, Keith A. Hebeisen, Robert A. Clifford and Associates, Chicago, IL, for plaintiffs.

Joel A. Kolodny, Jerald L. Rauterkus, Montgomery, Green, Jarvis, Kolodny & Markusson, P.C., Denver, CO, for Krabloonik.

Bradley Unkeless, The Law Office of Bradley R. Unkeless, Denver, CO, for Game Sales.

Gerald D. Pratt, Mann & Shappell, Denver, CO, for Fortex.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs Alan Rottman and Robin Rottman, citizens of Glencoe, Illinois, commenced this action against the defendants Krabloonik, Inc., a Colorado corporation located in Snowmass Village, Colorado; Game Sales International, Inc. (Game Sales), a Colorado corporation located in Loveland, Colorado; Fortex USA, a California corporation located in Irvine, California; and Fortex Group, a New Zealand corporation located in Christchurch, New Zealand.[1] Plaintiffs seek more than $50,000 in damages.

Plaintiffs sued on their own behalf and as representatives of the estate of a twenty-one week old fetus. Plaintiffs' complaint states twenty-seven claims for relief based on various tort theories, including claims for the wrongful death of the fetus. Pursuant to Fed.R.Civ.P. 12(b)(6), all of the defendants filed motions to dismiss the plaintiffs' wrongful death claims.[2] Plaintiffs responded by opposing those motions.

The issues have been fully briefed and oral argument would not materially assist the decision process. Jurisdiction is asserted under 28 U.S.C. § 1332.

## I. FACTUAL BACKGROUND.

Taking the allegations of the complaint as true, as the court must in deciding a motion to dismiss, the facts are as follows:

Krabloonik, a restaurant, purchases the meats that it serves from Game Sales, which in turn purchases from Fortex. On February 16, 1992, the Rottmans dined at Krabloonik. Ms. Rottman was eight weeks pregnant. Plaintiffs allege that they ate contaminated meat from which they contracted toxoplasmosis.[3] Mr. Rottman suffered from swollen glands, a sore throat, a hacking cough and lethargy that lasted through the summer. As a result of Mrs. Rottman's illness, the fetus developed cerebral ventriculamegaly[4] and ascites[5] leading to irreversible developmental abnormalities and brain damage. The pregnancy was aborted during the twenty-first week.

## II. ANALYSIS.

Defendants argue that a twenty-one week old fetus is not viable and therefore neither the estate of the fetus, nor the Rottmans can maintain an action for wrongful death.[6]

---

1. Fortex USA and the Fortex Group will be referred to collectively as Fortex.

2. Although Krabloonik, Game Sales and Fortex each filed separate motions, each motion incorporated the briefing of Krabloonik. Thus the plaintiffs responded only to that briefing.

3. Toxoplasmosis is an infection caused by the parasite toxoplasma gondii that can lead to convulsions, blindness, fluid on the brain and mental retardation.

4. Ventriculamegaly is abnormally large ventricles in the brain.

5. Ascites is an abnormal pooling of fluid in the abdominal cavity caused by complications of liver function.

6. Although Krabloonik, Game Sales and Fortex filed separate motions, Game Sales and Fortex did not file briefs in support of their motions, but instead adopted Krabloonik's briefing.

## A. *Choice of Law.*

■ The parties disagree as to whether Illinois or Colorado law governs the wrongful death claims. Under Illinois law, a claim for wrongful death may be brought on behalf of a fetus regardless of its stage of development. Ill.Rev.Stat., ch. 740, § 180/2.2. Colorado law is not so clear; the issue has not been addressed by the Colorado General Assembly, nor by Colorado courts. This court, however, has held "that a wrongful death action may be maintained under Colorado law for the death of a viable fetus." *Espadero v. Feld,* 649 F.Supp. 1480, 1484 (D.Colo. 1986).

■ Because jurisdiction is based upon diversity, Colorado's choice-of-law rules apply. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Kinnett v. Sky's West Parachute Ctr., Inc.,* 596 F.Supp. 1039 (D.Colo.1984). In wrongful death actions, Colorado courts apply §§ 175 and 178 of the *Restatement (Second) of Conflict of Laws. Kinnett,* 596 F.Supp. at 1040 (citing *Murphy v. Colorado Aviation Inc.,* 41 Colo.App. 237, 588 P.2d 877 (1978)).

Section 175 of the *Restatement* provides that in an action for wrongful death, the law of the state where the injury occurred governs unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties as determined by the "most significant contacts" principles stated in § 6 of the *Restatement.*

■ The injury occurred in Colorado. Therefore Colorado's wrongful death law applies unless Illinois has a more significant relationship to the occurrence and the parties as determined by § 6.[7] Section 145(2) provides that a court applying § 6 should consider:

"(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered."

Plaintiffs contend that it is premature to decide choice-of-law questions. This argument, however, has little force where the criteria to be considered may be determined from the face of the complaint.

The injury occurred in Colorado. The conduct allegedly causing the injury—selling tainted meat—occurred in Colorado. The relationship between the parties was centered in Colorado. The only criterion not completely favoring the application of Colorado law concerns the residence and place of business of the parties. Plaintiffs reside in Illinois. Both Krabloonik and Game Sales are Colorado corporations doing business in this state. While Fortex USA and the Fortex Group are not Colorado corporations, neither is an Illinois corporation.

Based on the forgoing criteria, it is clear that Illinois does not have a more significant relationship to the occurrence and the parties, and therefore I hold that Colorado's wrongful death law controls this action.

## B. Motion to Dismiss.

■ In considering a Rule 12(b)(6) motion, the complaint must be construed liberally, *Shoultz v. Monfort of Colo., Inc.,* 754 F.2d 318 (10th Cir.1985), *cert. denied,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986), and its factual allegations are assumed to be true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dismissal of a claim is improper unless it appears beyond doubt that the plaintiffs can establish no set of facts in support of their claim that

---

**7.** *Restatement (Second) Conflicts of Laws* § 6 (1971) lists the following factors to be considered in deciding choice-of-law questions:
 (a) the needs of the interstate and international systems,
 (b) the relevant policies of the forum,
 (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

 (d) the protection of justified expectations,
 (e) the basic principles underlying the particular field of law,
 (f) certainty, predictability and uniformity of result, and
 (g) ease in the determination and application of the law to be applied.

would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Espadero* holds that a wrongful death action may be maintained for the death of a *viable* fetus.[8] 649 F.Supp. at 1484. Defendants seek a ruling that as a matter of law a twenty-one week old fetus is not viable,[9] arguing that in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), the Supreme Court concluded that a fetus was not viable until twenty-four weeks.

█ The language cited by the defendants, however, relies on a medical text to observe: "Viability is usually placed at about seven months (28 weeks) but may occur earlier, even at 24 weeks." *Id.* at 160, 93 S.Ct. at 730. This passage hardly creates an irrebuttable legal presumption as to viability based on fetal age, a conclusion supported by a later United States Supreme Court decision:

> "[I]t is not the proper function of the legislature or the courts to place viability, which essentially is a medical concept, at a specific point in the gestation period." *Planned Parenthood of Cent. Missouri v. Danforth*, 428 U.S. 52, 64, 96 S.Ct. 2831, 2839, 49 L.Ed.2d 788 (1976).

The lower court decisions relied upon by the defendants were either decided at the summary judgment stage, *Akl v. Listwa*, 741 F.Supp. 555 (E.D.Pa.1990); *Estate of Baby Foy v. Morningstar Beach Resort Inc.*, 635 F.Supp. 741 (D.V.I.1986); *Miccolis v. Amica Mut. Ins. Co.*, 587 A.2d 67 (R.I.1991); *Guyer v. Hugo Pub. Co.*, 830 P.2d 1393 (Okla.Ct. App.1991), or involved cases where the plaintiffs did not assert that the fetus was viable. *Rambo v. Lawson*, 799 S.W.2d 62 (Mo.1990); *Humes v. Clinton*, 246 Kan. 590, 792 P.2d 1032 (1990). The factual determination whether the fetus was viable must abide the production of evidence either at trial or at the summary judgment stage.

The court therefore concludes that it is not beyond doubt that the plaintiffs' can prove no set of facts upon which relief can be granted. Accordingly IT IS ORDERED that:

(1) Defendant Krabloonik's motion to dismiss is denied;

(2) Defendant Game Sales' motion to dismiss is denied;

(3) Defendants Fortex USA and Fortex Group's motion to dismiss is denied; and

(4) The parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding would facilitate settlement.

---

**8.** Plaintiffs argue that using viability as a cutoff point is illogical, arbitrary and capricious. Plaintiffs' argument, while not lacking in effort or earnestness, is overcome by a majority of published authority. *Miccolis v. Amica Mut. Ins. Co.*, 587 A.2d 67, 69 (R.I.1991); *Humes v. Clinton*, 246 Kan. 590, 792 P.2d 1032, 1037 (1990); Sheldon R. Shapiro, Annotation, *Right to Maintain Action or to Recover Damages for Death of Unborn Child*, 84 A.L.R.3d 411 (1976 & Supp. 1993).

**9.** Although Ms. Rottman ate the allegedly contaminated meat when she was eight weeks pregnant, the ailments that afflicted the fetus were not diagnosed until the twenty-first week. For purposes of this motion the court will assume that the fetus was injured in the twenty-first week.