**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL PINO and AMY PINO, as
parents of deceased Nevin Michael
Pino,

     Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 06-7108
(D.C. No. 05-CV-502-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **EBEL**, and **GORSUCH**, Circuit Judges.


This case is before us following receipt of the Oklahoma Supreme Court's

answer to the question of state law we certified to it on October 29, 2007. *See*

*Pino v. United States*, 507 F.3d 1233 (10th Cir. 2007). That court's answer

requires us to reverse the district court's grant of summary judgment in this case

and to remand for further proceedings.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

As our certification order explains in greater detail, Michael and Amy Pino appealed to us the district court's grant of summary judgment in favor of the United States on their wrongful death claim brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671, *et seq.*, asking us to certify to the Oklahoma Supreme Court the following question: As of September 1-2, 2003, did the Oklahoma Wrongful Death Statute, Okla. Stat. tit. 12, § 1053, afford a cause of action for the wrongful death of a nonviable, stillborn fetus?

For reasons explained in our certification order we did so, and the Oklahoma Supreme Court subsequently answered our certified question in the affirmative, holding that the state's wrongful death statute did afford a cause of action for the wrongful death of a nonviable, stillborn fetus as of September 1-2, 2003. *See Pino v. United States*, --- P.3d ---, 2008 OK 26, ¶ 24 (Okla. 2008). The court explained that the Oklahoma legislature's 2005 amendment to the wrongful death statute, which expressly allowed claims like the Pinos', was a clarification and not a change in the law, and that the existence of a cause of action before this amendment was "consistent with the purposes of [the wrongful death statute], our decisions in *Evans* [*v. Olson*, 550 P.2d 924 (Okla. 1976)], *Graham* [*v. Keuchel*, 847 P.2d 342 (Okla. 1993)], and *Nealis* [*v. Baird*, 996 P.2d 438 (Okla. 1999)], and with Oklahoma public policy." *Id.*

This answer is definitive and dispositive of the Pinos' summary judgment appeal. The district court granted summary judgment for the United States

specifically and only because it held no such cause of action existed under Oklahoma law as of September 1-2, 2003. D. Ct. Order at 2-3. With the Oklahoma Supreme Court now having concluded otherwise, we are obliged to reverse the district court's grant of summary judgment and remand the case for further proceedings not inconsistent with this court's orders or the opinion of the Oklahoma Supreme Court. *So ordered.*

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge